HARVEY MATTOON and others, Respondents, *v.* JOHN N. YOUNG, Appellant.

The person through whom a party to an action derives title is not competent as a witness to prove transactions with a deceased person, as against the *grantee* of the latter. Although grantees are not named, they are within the reason of the act (Code, § 399), and the word "assignee" must be held to include them.

Under the amendment of 1867, if the interest formerly owned by such witness might be affected by the event of the action, he was incompetent, even though (as a grantor without covenants) he would have been competent at common-law.

Evidence of declarations by an owner of real estate, made publicly to the bidders assembled at a sheriff's sale thereof, and in the hearing of one who afterwards purchases at such sale, that he had no interest in the premises; that the entire title was in the execution debtor and whoever purchased at such sale would get good title, is competent as against the subsequent grantees or the heirs of such owner. If not sufficient of itself to show an estoppel (as to which *quere*), it is error to exclude it, as additional evidence that the purchase was induced thereby might have been given.

(Argued May 31st; decided June 22d, 1871.)

APPEAL from an order of the General Term of the Supreme Court in the fourth district, affirming a judgment in favor of the plaintiffs, entered on the report of Hon. Henry L. Knowles, referee.

This was an action of ejectment for certain lands in St. Lawrence county. It was commenced by Harvey Mattoon as sole plaintiff. An answer was interposed, setting up adverse possession, and the widow and heirs-at-law were thereupon made plaintiffs, under section 111 of the Code.

The plaintiffs are the widow and heirs of one John Mattoon. In 1855 John Mattoon executed a deed of the premises in question to the plaintiff Harvey, but the premises were then in the actual occupation of William Willard, claiming as owner

In 1845 John Mattoon conveyed the premises to one James Mattoon, to hold during the natural life of John. the grantor.

In 1850 James conveyed to one Wheeler. Wheeler conveyed to one Sherwin in February, 1851. In 1849 James Mattoon's interest was sold by the sheriff, upon a judgment which had became a lien on his realty in 1849, to one Cooke, and in December, 1851, Cooke assigned the certificate of sale to Sherwin. The defendant derived title from Sherwin, through sundry mesne conveyances. The assignment by

Cooke and the deed from Sherwin were without any covenants.

The referee found that the plaintiffs were entitled to recover possession, with damages.

On the trial the defendant called Sherwin and Cooke, to prove conversations with John Mattoon, since deceased, had prior to their respective purchases, in which Mattoon disclaimed any interest in the premises, and stated that he had conveyed all his interest to James Mattoon. It was objected that these witnesses were incompetent, under section 399 of the Code, and the objection was sustained.

The defendant offered to prove, by one Corey, that John Mattoon was present at the sheriff's sale and stated publicly to bidders, and in the hearing of Cooke, the purchaser, that he (John) had no interest in the premises; that the entire title was in James, and whoever purchased at the sale would get a good title. This testimony was objected to as immaterial and incompetent, and the objection was sustained and the evidence excluded.

John Mattoon died in 1859. The trial was had in 1867.

*Leslie W. Russell,* for the appellant, on the question of competency of evidence, cited Bacon Ab., vol. 9, title Statute, p. 245, 1st Inst., 272, 2d Inst., 301 ; 2 Starkey Ev., 393 ; *Johnson* v. *Root* (18 John., 80); *Van Hosen* v. *Bingham* (15 Wend., 164); 3 Starkey Ev., 1647; Dwarris on Statutes, 696 ; Smith's Com., 606, § 523 *et seq. ; Dewey* v. *Goodenong* (56 Barb., 57, 58); *Holmes* v. *Carley* (31 N. Y., 289); *Chase* v. *N. Y. Central Railroad Co.* (26 N. Y., 523) ; *West* v. *McGurn* (43 Barb., 149); *Wykoop* v. *Habert* (43 Barb., 266); *Williams* v. *People* (45 Barb., 202); S. C., 33 N. Y., 688 ; *Freethy* v. *Freethy* (42 Barb., 641); *Archer* v. *Rockingham* (11 Mod. R., 150); *A. C.* v. *T. C.* (25 How., 432) ; *Smith* v. *Smith* (15 How., 165); *White* v. *Wager* (32 Barb., 250, affirmed 25 N. Y., 328) ; *Chegazay* v. *Mayor, etc., of New York* (13 N. Y., 220) ; *Jackson* v. *Collins* (3 Cow., 89); *People* v. *Utica Ins. Co.* (15 Johns., 380); *Quinn* v.

*Moore* (15 N. Y., 422) ; *Fort* v. *Burch* (6 Barb., 68, 69) ; Per MARSHALL, Ch. J. ; *United States* v. *Fisher* (2 Cranch, 389, 390) ; *Brewer's Lessees* v. *Blougher* (14 Peters, 198) ; Smith's Com., 711, § 576 ; Bouv. Law Dic., 399 ; *Mines* v. *U. S.* (15 Peters, 445) ; *Hamilton* v. *Wright* (37 N. Y., 502) ; Broom's Legal Maxims ; *Parks* v. *Jackson* (11 Wend., 442, 446) ; *Dewit* v. *Bailey* (9 N. Y., 371, 375) ; *Brown* v. *Richardson* (20 N. Y., 475, 476) ; *Potter* v. *Potter* (18 N. Y., 53).

*Louis Hasbrouck, Jr.,* for the respondent, that the referee properly rejected the proof offered, cited *Jackson* v. *Sherman* (6 Johns., 19) ; *Jackson* v. *Cary* (15 Johns., 302) ; *Jackson* v. *Miller* (6 Cow., 751, affirmed 6 Wend., 228) ; *Walker* v. *Dunspaugh* (20 N. Y., 170) ; *Brown* v. *Bowen* (30 N. Y., 519) ; *Wilcox* v. *Howell* (44 Barb., 401) ; Justice SELDEN in *Crawford* v. *Lockwood* (9 How. Pr. Reps., 547) ; *Knettle* v. *Newcomb* (31 Barb., 169).

GROVER, J. The counsel for the appellant insists that the suit was not prosecuted by the heirs of John Mattoon for the recovery by them of any estate descended to them as heirs, but that they are mere nominal parties, having no interest in the action, which is prosecuted for the benefit of Harvey Mattoon, the grantee of John, pursuant to section 111 of the Code, the grant being void, for the reason that the lands were at the time held adversely to the title of John Mattoon ; and that therefore the case does not come within section 399 of the Code, declaring witnesses, under the circumstances specified, incompetent to testify to any transaction or communication between such witness and a person at the time of the examination deceased, etc. The case shows that the counsel is correct in the premises, but his conclusion cannot be sustained. The suit is prosecuted for the benefit of the grantee of John Mattoon, and although grantees are not named in section 399, they come within the reason of the statute, and must, therefore, be held to come within it. The testimony is made incompetent against a party prosecuting or defending

the action as executor, administrator, heir-at-law, next of kin, assignee, legatee, devisee or survivor of such deceased person. This shows an intention to exclude the testimony as to all persons who have succeeded to or acquired the right of the deceased, which was to be affected by the testimony. This being so, the word assignee, which is more appropriately used to designate a transaction respecting personal property, must be held to include a grantee of real estate. Harvey Mattoon, prosecuting for the recovery of the land as the grantee of John Mattoon, the testimony was incompetent as against him, to the same extent as though he had claimed as heir of John. The question is whether the testimony of Sherwin and Cooke, offered by the defendant, was made incompetent by section 399 of the Code, as amended in 1867, which was the law at the time of the trial. This testimony, if competent, would have shown that John Mattoon was estopped from asserting title in himself, as against the title acquired by Sherwin, and also that acquired under the purchase of Cooke at the sheriff's sale, which had been acquired by the defendant, under which he claimed the land. Sherwin had conveyed the land by quitclaim deed, in the lifetime of John Mattoon, and before his grant to Harvey. Cooke assigned the sheriff's certificate given him upon his purchase, without warranty. Neither Sherwin nor Cooke were parties to the action, and neither had any interest that could be affected by its result. They were, therefore, competent witnesses, by the common-law, to prove the facts offered to be shown by their testimony. Neither had transferred his interest with a view to his competency as a witness. John Mattoon died about four years after his grant to Harvey, during which time the land was held adversely under the title acquired by the defendant, and, so far as appears, no effort was made by the grantee of John to recover the premises until after his death. The inquiry is, whether Sherwin and Cooke, who were competent witnesses by the common-law to prove the facts offered, were made incompetent by section 399, as amended in 1867. It must be conceded that, if the language of the section alone is

regarded, it must be held to effect that result, because the interest formerly owned by them might be affected by the determination of the action. This brings it within the proviso declaring the witness incompetent to testify as to a transaction or communication had with the deceased. My associates hold that the language of the section is so clear in this respect that no other construction is admissible, and therefore hold that the ruling of the referee in rejecting the evidence was correct. Although inclined to the opinion that it was not the design of the legislature to render incompetent witnesses who were competent by the common-law, unless in cases where such competency depended upon changes introduced by the Code, or by transfers of the subject-matter of the action or some interest therein with a view of becoming witnesses, I shall not pursue the subject, as a statement of the grounds upon which such opinion is based would be entirely useless. The only remaining question arises for consideration upon the rejection of the testimony of Corey. He had never had any interest in the land. The defendant offered to prove by him that John Mattoon was present at the sheriff's sale upon the execution against James, and stated publicly to bidders and in the hearing of Cooke, the purchaser, that he (John) had no interest in the premises; that the entire title was in James, and whoever purchased at the sale would get a good title. The offer shows that the statement was made before the sale. From the circumstances under which it was made and the persons to whom it was made, it is clear that it was made with a view to influence the action of bidders, by inducing larger bids under a belief that the title of James, the execution debtor, was valid, and that he had no claim upon the land. The testimony offered, if credited and not explained or rebutted by other testimony, would require such a finding. It had already been proved that Cooke did purchase the land at the sale, and that the defendant held the title through a sheriff's deed given pursuant thereto. The only additional fact requisite to estop John Mattoon from setting up an existing title in himself, adverse to the title so acquired, was that

Cooke was induced to purchase by a reliance upon this statement. This, I think a legitimate inference from the testimony offered. The statement was made at the time of sale publicly to the bidders with a view to influence their action, and thereupon the sale proceeded, and the property was purchased by one in whose hearing the statement was made. I think this would have warranted a finding that he was induced to purchase by the statement and his belief of its truth. The referee should have received and considered the testimony in this point of view. It was offered generally as evidence in the case. The objection was general that it was incompetent and immaterial. If competent for any purpose, it was error to reject it. It is no answer now to say that the evidence was incompetent to prove that the title was in James, as it could not be transferred to him by parol. Had the objection been placed upon that ground, the counsel for the defendant would have been required to point out the purpose for which it was offered, so as to prevent the referee from being misled. But it was not so made. It is no answer to say that the deed from John to James had been recorded, and that bidders should have resorted to that for information as to the title. They were not bound to search the record to see whether John had any title, but had a perfect right, so far as he was concerned, to act on his assurance that he had none. The estoppel of John Mattoon is equally applicable to his heirs and subsequent grantees. (*Munroe* v. *Parkhurst,* 9 Wend., 209.) The judgment appealed from should be reversed and a new trial ordered, costs to abide the event. Whether the referee would have been authorized to find from the evidence that Cooke was induced to purchase by the statement of John Mattoon, as offered to be proven by Corey, was not determined by the court. The court did determine that the referee erred in rejecting the testimony, as additional evidence, that Cooke was induced to act thereby, might have been given.

FOLGER, ANDREWS and RAPALLO, JJ., concur. CHURCH, Ch. J., ALLEN and PECKHAM, JJ., dissent.

Judgment reversed and new trial granted.