By the Court.—Sedgwick, J.
The motion for re-argument should be denied. The general term made a thorough examination of the whole case.
*358 I, however, think that the defendants should have leave to take the case to the court of appeals. The rule of law involved is important, and affects many persons that hold, in the large and varied business of this state, the relations that subsisted between the parties to this action. As yet, the court of last resort in this state has not settled the principles that should control. In Hunt v. Roberts (45 N. Y. 696), Judge Rapallo, said that the court “ was clearly of opinion that after a breach which will justify the termination of the contract, the surety has the right to require that the contract with the principal be terminated, and the claim against the surety confined to the damages then recoverable.” Whether such a rule is to be applied, through inferences to be drawn from it, to a case like the present, has not been determined, so far as I know, by the court of error or of appeals. These considerations bring the present motion within Butterfield v. Radde (38 N. Y. Sup’r Ct. 44).
The motion that defendants have leave to appeal to the court of appeals, should be granted, on condition that defendants give notice of appeal, and file security within thirty days. In case of perfecting the appeal there should be ten dollars costs of motion and disbursements, to abide event, otherwise the plaintiff to have the like amount of costs and their disbursements.
Speir, J., concurred.