WILLIAM W. CORNELL AND LATHAM C. STRONG, AS EXECUTORS OF, ETC., OF LATHAM CORNELL, DECEASED, APPELLANTS, *v.* LOUISA CORNELL, RESPONDENT.

*Code,* § 399 — *admissibility of evidence under — gift, mortis causa — delivery of non-negotiable securities — title passed by.*

This action was brought by the plaintiffs, as executors, to recover from the defendant certain securities, to which she claimed title by a gift, *mortis causa,* from the testator.

Upon the trial, plaintiffs' counsel offered to prove by one of the plaintiffs and also by the residuary legatee of the testator, conversations had between themselves and the deceased, tending to disprove the gift. *Held,* that the evidence was properly excluded under section 399 of the Code.

By a gift, *mortis causa,* the title to non-negotiable choses in action will pass by delivery only, and no written assignment is necessary.

APPEAL from a judgment in favor of the defendant entered upon a verdict directed by the court, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

This action was brought by the plaintiffs, as executors of the last will and testament of Latham Cornell, deceased, to recover the value of certain securities in the possession of defendant, and alleged by them to belong to the estate of said Latham Cornell. The defendant, who was the widow of said Latham, claimed title to said securities by gift from her husband in his lifetime. The securities in dispute consisted of railroad stocks and bonds, bonds of municipal corporations and bonds and mortgages of individuals. No written assignment was made by deceased to defendant, of any of these securities, but they were claimed by the defendant to have been given to her by her husband shortly before his death in lieu of dower.

The plaintiff Latham C. Strong, and Sarah E. Herrington, daughter of plaintiff's testator, and residuary legatee under his will, were offered to prove conversations between themselves and deceased, with a view of showing, first, that his feelings towards the defendant were such as to make it unlikely that he would have made the gift; and second, that he was not of sufficient mental capacity to make it. These offers were excluded under section 399 of the

Code. The plaintiffs also requested the court to hold, that the title to the stocks and bonds did not pass to defendant by delivery alone, which was refused and plaintiffs excepted.

· *La Mott W. Rhodes*, for the appellants.

*Esek Cowen*, for the respondent.

BOCKES, J.:

The evidence in support of the alleged gift by the testator to the defendant, stands entirely uncontradicted. There were two witnesses to the transaction, who agree in all material points as to what occurred, and there is nothing in the case casting suspicion or reasonable doubt as to the correctness or truthfulness of their statements. Nor is there any thing indicating a want of mental capacity in the donor, fully to originate the purpose and to execute it, with a full and complete understanding and comprehension of the act and its legal effect. Besides, there is abundant evidence that the act is in accordance with a natural and just inclination or impulse, not at all unreasonable in itself in view of surrounding circumstances. The evidence standing undisputed, clear and positive; there was no question for the consideration of the jury.

It is insisted as matter of law that no title could be acquired by the gift in this case, as to such of the securities as were not negotiable : and to support this position it is urged that the gift was *inter vivos*, and not *causa mortis*, hence it is claimed the gift was not good without formal assignment. But I am of the opinion that the evidence shows sufficiently a gift *causa mortis*. It was made by a very old man in his last illness, and in apprehension of death, and when he did not expect to recover. He undoubtedly believed death to be near, and there was good ground for such belief, and the gift was made in view of and because of its immediate approach. Under the law applicable to gifts *causa mortis*, the title of non-negotiable choses in action will pass by delivery only. (*Gray* v. *Barton*, 55 N. Y., 73; *Westerlo* v. *De Witt*, 36 id., 340; *Johnson* v. *Spies*, 12 N. Y. S. C. [5 Hun], 468; *Allerton* v. *Lang*, 10 Bos., 362; *Hackney* v. *Vrooman*, 62 Barb., 650.) In the last case cited it is intimated that a gift *inter vivos* of non-negotiable choses in action may be effectual by delivery without writing, the same as in the

case of a gift *causa mortis.* (See also remarks of HUNT, J., in *Westerlo* v. *De Witt, supra;* also of MULLIN, J., in *Hackney* v. *Vrooman, supra.*) But this question, as we think, need not be here considered. We regard this case as controlled by the law applicable to gifts *causa mortis.*

It is urged that there was error in the exclusion of the evidence offered to be given by Latham C. Strong, and by Sarah Harrington. The former was one of the plaintiffs in the action, and the latter was residuary legatee under the will of the alleged donor. The evidence offered related to conversations between the donor and these witnesses personally, and the evidence was excluded under section 399 of the late Code of Procedure. The ruling was certainly in accordance with the spirit of the law, and as we think, substantially within its letter. Mrs. Cornell was, in one sense, an assignee of the donor. She was the *transferee* from the latter under what, in law, is an executed contract — a gift. In *Mattoon* v. *Young* (45 N. Y., 696) it was held that although grantees are not named, they are within the reason of the act, and that the word "assignee" must be held to include them. (See also *Buck* v. *Stanton,* 51 N. Y., 624.) The rule laid down in *Van Tuyl* v. *Van Tuyl* (57 Barb., 235) seems to be a sensible construction of section 399. GILBERT, J., says that the fair construction of the section is, " that when adverse rights by succession are involved, one litigant shall not testify to a transaction with the deceased predecessor in title, invalidating or impairing the right or title of the other." Such, too, is the substance of the decision in *Timon* v. *Claffy* (45 Barb., 438). (See, also, *Howell* v. *Taylor,* 5 Weekly Dig., 234.) We are of the opinion that the offer of proof by these witnesses was properly rejected. It may also be well urged that this evidence was inadmissible for the reason that the offer was to prove the declarations of the plaintiffs' testator in their own favor.

After a careful examination of the case, we are of the opinion that it was properly disposed of at the Circuit, and that the order and judgment appealed from should be affirmed with costs. So ordered.

LEARNED P. J., and BOARDMAN, J., concurred.

Judgment and order affirmed with costs.