JAMES W. RICHARDSON, APPELLANT, v. SAMUEL S. WARNER AND OTHERS, ADMINISTRATORS ETC., OF MICHAEL WARNER, DECEASED, RESPONDENTS.

*Sec. 399 of Code* — "*assignee*" — *meaning of* — *what witnesses excluded by* — § 829 *of the Code of Civil Procedure.*

This action was brought upon a promissory note made by the defendant Warner, to the order of and indorsed by one Ayer, and subsequently indorsed by one Alexander, and by him transferred to the plaintiff. Alexander died before the trial. The signatures of the maker and indorsers were proved. Ayer was called by the defendants, the legal representatives of Warner, and against plaintiff's objection and exception allowed to testify as to a personal transaction, between himself and Alexander, tending to establish the defense of usury.

*Held,* that Richardson was an "assignee" of Alexander, within the meaning of section 399 of the Code:

That Ayer was a person "from, through or under whom" Richardson derived title within the meaning of that section.

That the fact that the defendants, the legal representatives of Warner, by whom
    Ayer was called, did not derive title from him, did not render him competent.
That the evidence should have been excluded.
Under section 829 of the Code of Civil Procedure, which is the substitute for
    section 399 of the old Code, the witness would have been competent, as by that
    section the witness is only prohibited from being examined in his own behalf
    or interest, or in behalf of the party succeeding to his title or interest.

APPEAL from a judgment in favor of the defendants entered upon
the report of a referee. The action was brought to recover on three
promissory notes, one for $3,000 and two for $2,500 each, made by
Michael Warner, the original defendant and the intestate of the
present defendants, and indorsed by one Daniel Ayer.

The answer admitted the execution of the notes, but alleged that
they were made solely for Ayer's accommodation, and that Ayer
indorsed them and procured them to be discounted at a usurious and
unlawful rate of interest. The plaintiff gave in evidence the notes
indorsed by Daniel Ayer and Andrew Alexander, and it was
admitted that Alexander was dead at the time of the trial. Defend-
ants then called Daniel Ayer as a witness, and offered to prove by
him an oral usurious agreement for the discount of the notes, made
between himself and Andrew Alexander, deceased. His testimony
was objected to by plaintiff's counsel as incompetent and inadmissi-
ble under section 399 of the Code. The defendants' counsel then
delivered to the witness a release of all claims, executed by the
defendants. This was objected to by the plaintiff as immaterial,
and that it did not make the witness competent, or affect his right
to testify; and that a release by administrators for a nominal con-
sideration was unauthorized and invalid; but it was received in
evidence, and the witness was then allowed, under the objection and
exception of plaintiff, to give evidence of a personal transaction
between himself and Andrew Alexander, deceased. He testified
that the notes were made by Michael Warner for his, witness,
accommodation; that he got them discounted by Alexander at a rate
of not less than ten per cent, and Alexander gave him the avails of
the three notes, deducting the discount.

The plaintiff moved to strike out Ayer's testimony as to the dis-
count of the notes and rate of discount on the same ground as stated in
the objections. The motion was denied, and the plaintiff excepted.

The principal question in the case is, whether Ayer was a competent witness in this case as against the plaintiff.

*Matthew Hale,* for the appellant.

*Parker & Countryman,* for the respondents. Ayer was not examined against the executor, administrator, heir at law, next of kin, assignee, legatee, devisee or survivor of Alexander. The plaintiff was not the assignee of Alexander. (*Bartlett* v. *Tarbox,* 1 Keyes, 495; *Porter* v. *Potter,* 18 N. Y., 52; *Gardner* v. *Gordon,* 3 Bosw., 369; *Anderson* v. *Busteed,* 5 Duer, 485; *Traphagan* v. *Traphagan,* 40 Barb., 537; *McCray* v. *McCray,* 12 Abb., 1; *Spalding* v. *Hallenbeck,* 39 Barb., 79.) "Assignee" does not include "legatee." (*Hight* v. *Sackett,* 34 N. Y., 447.) Ayer did not come within either of the three classes mentioned in the first part of section 399. He was not the party; he was not interested, for he had been released. He was not a person from whom the party calling him derived title. A co-party defendant is excluded by section 399. (*Alexander* v. *Dutchess,* 7 Hun, 439; *Genet* v. *Sawyer,* 61 Barb., 211.) But the restriction has never been held to apply to an adverse party.

LEARNED, P. J.:

The witness offered is Ayer. The personal transaction is, between him and Alexander, deceased. And Ayer is examined against Richardson.

The first question then is, whether Richardson is the assignee of Alexander, deceased, under the meaning of this section. The defendants, to show that he is not, cite *Bartlett* v. *Tarbox* (1 Keyes, 495), and *Porter* v. *Potter* (18 N. Y., 52). But these decisions do not apply. The section of the Code, as it then stood, was quite different. In the latter of these cases Judge DENIO remarked that the decision would not be a precedent, because the Code had been changed (see Code of 1851); *Mattoon* v. *Young* (45 N. Y., 696), held that the word assignee in this section included a grantee, and the court said that the intention was to exclude the testimony as to all persons who have succeeded to or acquired the right of the deceased. (See, also, *Cary* v. *White,* 59 N. Y., 336; *Andrews*

*v. National Bank of North America,* 14 S. C., N. Y., 20.) And if we look at the reason of the rule it is plain that the section should apply to Richardson as to an assignee of Alexander. Ayer is about to testify to a personal transaction between him and Alexander, and Alexander is not living to contradict him. Richardson took the note from Alexander. He is the assignee of Alexander, as was held by the referee.

The next question is, whether Ayer belongs to any one of the three classes of persons who are excluded. He is not a party. Is he a person from through or under whom a party to the action derives any interest or title? The latter part of the section which we have been examining above enumerates the persons against whom certain witnesses may not testify. The first part, which we are now considering, defines who these witnesses are. They are, first, parties; second, persons interested; third, persons from, through or under whom parties or persons interested derive title or interest.

The note was made by Warner to the order of, and was indorsed by, Ayer. The signatures were proved to be genuine and the death of Alexander was proved. At this point Ayer was offered as a witness. Now the plaintiff derived his title to the note through and under Ayer. It was necessary to prove Ayer's transfer of the note by indorsement in order to show the plaintiff's title. And the plaintiff's title had in fact been shown in that way.

True, the plaintiff's title did not come directly from Ayer, but passed through Alexander. But the language of the section is broad — "from, through or under," "derives any interest" "by assignment or otherwise." The plaintiff has a title to the note and thus a right of action against Warner. How does he derive it? From Ayer's transfer to Alexander and Alexander to him.

It is argued by the defendants (and it was so held by the learned referee) that as the defendants called Ayer as a witness and as they did not derive their title from him, he was competent. There is force in this view. But it seems to us that we must follow the language of the section. In *Mattoon* v. *Young* (*ut supra*) it was held by the Court of Appeals that this section in some instances rendered witnesses incompetent who had been competent by the common law. In *Alexander* v. *Dutcher* (14 S. C. N. Y., 439), affirmed in the

Court of Appeals) it was held that this section made a witness incompetent in a case where previously he had been competent by statute. So that the section had been held to have a restrictive and not always an enlarging, effect. And the language of the section is general. It does not say: "Any person from, through or under whom the party calling him derives any interest. (*Le Clare* v. *Stewart*, 15 S. C. N. Y., 127.) Since the trial of this action the legislature have changed the section so as to conform to the position of the defendants, by inserting, after the word "witness," the words "in his own behalf or interest." (Code of Civil Procedure, § 839.) This change of language indicates that the section, as it stood at the time of the trial, was not to be construed as if it contained those words. So far as this construction of the section should seem to apply to a party when called as a witness it is probably controlled by the previous section, 390. The evil which section 399 guards against can hardly exist when the party is called against himself by the other.

For these reasons we think Ayer was improperly admitted and there must be a new trial, costs to abide the event; reference discharged.

Present — LEARNED, P. J., BOARDMAN and SAWYER, JJ.

Judgment reversed and new trial granted; reference discharged, costs to abide event.