JANE W. BOCKES AND OTHERS, APPELLANTS, *v.* ELEANOR LANSING AND OTHERS, RESPONDENTS.

*Action in equity to remove a cloud on title — when not maintainable — Remedy by ejectment.*

The plaintiff herein claimed that one George Webster, the owner of a house and lot described in the complaint herein, on September 26, 1846, made a general assignment of all his property, including the house and lot in question, to one Russell, who, on May 6, 1847, conveyed the same to Simeon D. Webster; that thereafter, and on July 6, 1859, the said George and Eleanor, his wife, conveyed the said premises to the said Simeon D. ; that the plaintiff had succeeded to the rights of the said Simeon D.; that on April 18, 1861, a receiver, appointed in supplementary proceedings instituted by a judgment creditor of George Webster, sold the said land to one Humphrey, through whom the defendants, who are in possession thereof, claim title.

This action was brought to have the receiver's deed set aside as irregular, and canceled, and for an accounting as to the rents and profits received by the defendants. *Held*, that the facts of the case would not sustain an action in equity, such as the present one, to set aside the deed as a cloud upon plaintiff's title; but that the plaintiff's remedy, if any, was by ejectment.

APPEAL from a judgment in favor of the defendant, entered on the report of a referee.

On September 23, 1846, George Webster, the owner of the house and lot described in the complaint, executed to David Russell a general assignment of all his property for the benefit of his creditors. On the 6th of May, 1847, David Russell, the assignee, conveyed the premises to Simeon D. Webster, a son of George Webster, by deed executed that day and recorded June 12, 1847.

At the time of the assignment George Webster was indebted, among others, to Joseph S. Keeler, who, on the 19th of October, 1846, recovered judgment in the Supreme Court thereupon for $1,057.07. This judgment was assigned to David H. Humphrey, on February 21, 1861, for fifty-five dollars, paid by him, and Humphrey instituted supplementary proceedings thereupon, which resulted in the appointment of a receiver, to whom George assigned all his property, and on the 18th of April, 1861, the receiver was duly authorized to sell the premises in question at public or private sale, with or without notice, and did convey the same to said David H. Humphrey on the 25th of April, 1861, at private sale and without notice, for the consideration of $2,000, and on the 30th of April, 1861, Humphrey conveyed the same for fifty-five dollars to Eleanor, the widow of George Webster, both deeds being recorded May 4, 1861.

Eleanor Webster died in possession of the premises and the personal property, July 26, 1872, and the defendants own her interest in the premises, while the plaintiffs represent Simeon D. Webster's interest therein. The plaintiff also claimed title by virtue of a deed executed by George Webster and Eleanor, his wife, dated July 6, 1859. The referee held, however, that such deed was only valid to transfer the dower right of the wife.

The plaintiffs claimed that the proceedings instituted in 1861, which resulted in the appointment of the receiver, were irregular for the reason that the lien of the Keeler judgment had expired as to Simeon D. Webster, a purchaser in good faith, at the time the proceedings were instituted, and prayed " that the said order of the Supreme Court authorizing the said receiver, as such, to sell and convey the said premises ; the sale and conveyance thereof to the said Humphreys, and the conveyance thereof by the said Humphreys to the said defendant may, by the judgment of this honorable court, be adjudged a fraudulent and inequitable cloud upon the title of said plaintiffs to said premises ; that the same may be ordered to be

canceled of record, and declared null and void, and of no force or effect; that the said defendant may be perpetually enjoined from using the same or the record thereof for any purpose or under any pretense whatever; and that in the meantime the said defendant may be restrained from selling, incumbering or disposing of the said premises, or any interest therein, or leasing the same, or any part thereof, till the further order of the court; and that an account may be taken, by and under the direction of this honorable court, of the mesne profits of said premises since the termination of the tenancy at will therein of the said defendant, and that the said defendant may be adjudged to pay the same to the said plaintiffs, and that the said defendant may be compelled to release to the said plaintiffs all or any right or title she may have obtained to said premises by or under the fraudulent, collusive and inequitable proceedings had as aforesaid, and pay to said plaintiffs their costs in this behalf, or that such other or such further relief in the premises may be granted as shall seem meet to this honorable court."

The referee held as matters of law that the assignment was void on its face; that Simeon Webster was not a purchaser in good faith; that the lien of Keeler's judgment had not expired because Simeon was not a purchaser in good faith; that the receiver in supplementary proceedings was not bound to bring an action to set aside the assignment, because there had never been any change of possession and because the assignment was void on its face; that if the receiver's title was imperfect, the plaintiffs' was no better, and defendant being in possession would continue to hold it; that if the proceedings on the Keeler judgment were irregular, still this action cannot be maintained because such proceedings would constitute no cloud on plaintiffs' title; that such proceedings were regular and gave title, and that plaintiffs have no cause of action.

*James Gibson*, for the appellants.

*James Lansing*, for the respondents.

LEARNED, P. J.:

The plaintiffs, successors to the title of Simeon D. Webster, claim to own the land in fee by virtue of conveyances from George

Webster. The defendants, who are in possession, claim title by virtue of supplementary proceedings against George Webster and in favor of a creditor of his, taken subsequently to the time of the execution of the conveyances under which the plaintiffs claim.

This is a case then, as it seems to me, where the plaintiffs' remedy was by ejectment. But the present action is brought in equity to set aside the proceedings supplementary and the conveyance by the receiver and his grantee under the same, through which the defendants claim, as a cloud on the plaintiffs' title, etc., and for an accounting of the rents and profits, etc. I do not think that this action can be maintained. Whether the judgment under which these proceedings were taken had, or had not, ceased to be a lien, was a matter for George Webster to litigate; not for the plaintiffs. The plaintiffs (and Simeon D.) claimed adversely to George; and they had no right (nor had Simeon D.) to notice of proceedings which were to have the effect solely of transferring to some creditor whatever property George Webster then had.

If the plaintiffs' title was good, it was of no consequence to them, or to Simeon D., what proceedings should be taken against George. If their title was not good, then they and Simeon D. had no interest in the matter of the proceedings. And if the plaintiffs urge, that while George could not dispute their title, as void against his creditors, yet that his creditors might, the reply is that, if the plaintiffs have a good title they can recover in ejectment. If not, they should not recover in any action.

It may be said that all the facts appear in this case, and therefore that the court should give relief, without regard to the form of the pleadings. But that remedial rule is not to be carried to this extent. A plaintiff is not to sue on a promissory note and recover for an assault and battery. The action of ejectment is distinct. It is for the recovery of the possession of land and thus for establishing the title. The present action is solely an action in equity, such as might be maintained, in a proper case, by a party in possession to remove a cloud.

The plaintiffs may urge that George Webster continued in possession as tenant of Simeon D., and that hence the defendants are to be deemed tenants of the plaintiffs. That does not alter the case. The defendants are holding, or claiming to hold, adversely;

and the plaintiffs should dispossess them by suit or by some proper proceeding.

I do not mean to express any opinion whatever as to the validity of the assignment, or as to the title which Simeon D. obtained by the conveyance from Russell, or by the direct conveyance from George or upon the merits in any particular. And in the view above taken it is unnecessary to examine any questions as to the admission of evidence or the conclusions of fact. The judgment should be affirmed with costs; but this must be without prejudice to any action of ejectment, should such action be brought by the plaintiffs.

SAWYER, J. (dissenting):

Without attempting to pass upon all of the numerous questions raised by this appeal, it is apparent that there must be a new trial for errors in the court below in the reception and rejection of evidence.

All of the parties to this action claim under George Webster as the common source of title; the plaintiffs under deeds executed by him; the defendants through Eleanor Webster, who claims under a receiver's deed in proceedings supplemental to execution upon a judgment against George Webster, her husband. Both George and Eleanor Webster at the time of the trial were dead.

On the trial the plaintiffs offered in evidence a deed from George Webster and Eleanor Webster, dated April 30, 1859, to Simeon D. Webster, through whom plaintiffs claim as a part of their chain of title. This was objected to and the referee held it inadmissible under the pleadings, except to show a release of Eleanor's inchoate right of dower, and confined its force and effect to that alone.

In the complaint the plaintiffs allege that the judgment under which defendants claim, had ceased to be a lien upon any real estate of the said George Webster as against David Russell, a purchaser and grantee of George Webster, " and as against Simeon D. Webster, a purchaser from the said David Russell, and also from the said George, by deed executed April 30, 1859, in good faith."

These allegations we think amply sufficient to require the reception of the deed in evidence for all purposes, and that the limitation imposed and acted upon by the learned referee was error.

Again, the defendants called as a witness David H. Humphries, the grantee of the receiver, in the deed executed by him, and the grantor in the deed to Eleanor Webster, and under which conveyances the defendants claim title to the premises, in hostility to plaintiffs' title, and offered to prove by the witness communications made to him by George Webster in his life-time, tending materially to affect injuriously plaintiffs' title and strengthen the defendants'. This evidence was objected to by the plaintiffs' counsel, on the ground that the witness was incompetent under section 399 of the Code. The objection was overruled and the evidence received. Under the construction given to this section of the Code by the Court of Appeals, in *Mattoon* v. *Young* (45 N. Y., 696), and by this court, in *Richardson* v. *Warner* (13 Hun, ante, p. 13), the witness was clearly incompetent and his evidence inadmissible; he had owned and transferred the very title under which the defendants claim.

The findings of the referee show that this evidence must have materially affected his decision, and without passing upon the other questions raised, I am of the opinion that the judgment should be reversed, the reference discharged, and a new trial ordered, costs to abide the event.

Present — LEARNED, P. J., BOARDMAN and SAWYER, JJ.

Judgment affirmed, with costs.