Potter v. Gronbeck.

# Delonas W. Potter
## v.
## J. A. Gronbeck et al.

GUARANTY—REVOCATION.—In the case of a lease with guaranty, one of the guarantors, whose signature was the second upon the guaranty, before the execution of either the lease or guaranty was completed by signing and delivery, revoked and withdrew from the transaction, and the lessor and lessees assented to such revocation before the execution of the instruments had been completed by delivery. *Held*, that such act of revocation was effectual and binding; that there was no joint liability as to the guarantors.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding. Opinion filed December 4, 1885.

This was assumpsit, by the appellant, Potter, against the six appellees jointly, to recover some twenty-eight hundred dollars upon a guaranty in writing alleged to have been made by the defendants, whereby they became sureties for one Sylvan and wife to one McLean, for the payment by them of all rents which might accrue in the future under a lease bearing date July 23, 1883, whereby said McLean leased certain premises to said Sylvan for the term of ten years from November 1, 1883, at a monthly rental of three hundred and fifty dollars ; which said lease was, after the making thereof, assigned by said McLean to the plaintiff. Pleas: the general issue, and a verified plea denying the execution of the guaranty and joint liability.

On the trial before the court, without a jury, the plaintiff introduced the lease in evidence, and testimony of the genuineness of the respective signatures of defendants to the guaranty, the amount of rent due, and rested. The defendants thereupon introduced evidence tending to prove that while the matter of the execution of the lease and of the guaranty was *in fieri*, the defendant LeVin, whose signature was the second upon the instrument of guaranty, even after he put it there, and on the same day, but before it was signed by the other four guaran-

tors, and before the execution of the lease was completed by delivery, went to plaintiff, who was acting in the premises as the general agent of said lessor, McLean, and expressly revoked the contemplated guaranty so far as he was concerned; that the Sylvans, who were to be the lessees, were notified of such revocation, and that they and the plaintiff acquiesced therein; but that neither of the other four guarantors who signed after LeVin, or the one who had signed previously, had any notice whatever of such revocation. The plaintiff introduced rebutting testimony upon the question of revocation. There was a finding and judgment for defendants, and plaintiff brings the record here by appeal.

Mr. FRANKLIN P. SIMONS, for appellant.

Messrs. BLANKE & CHYTRAEUS, for appellees; that until accepted the guaranty may be withdrawn, cited Chitty on Contracts, 16 ; Offord v. Davis, 12 C. B. (N. S.) 748; Jordan v. Dobbins, 122 Mass. 168.

McALLISTER, J.   If the execution of the lease and guaranty had been completed by signing and delivery, before the act of revocation on the part of Le Vin, by notice of his withdrawal given to both Sylvan, the lessee, and the lessor, we are of opinion that both said instruments being under seal, such act of revocation would have been nugatory and ineffectual.   2 Pars. on Con. 31, and cases in notes.

But it was shown, by a preponderance of the evidence, that Le Vin revoked and withdrew from the transaction before the execution of either the lease or guaranty was completed by signing and delivery; and that the lessor, through the plaintiff, then the authorized agent of the lessor, and the Sylvans, the lessees, assented to such revocation before the execution of the instruments or either of them had been completed by delivery.   At that stage of the transaction, we think it was entirely competent for Le Vin to revoke his mere act of signing an undelivered instrument of guaranty, he having received no consideration whatever therefor.   Af-

ford v. Davies, 12 J. Scott, N. S. 104; E. C. L. 747; Hunt v. Roberts, 45 N. Y. 696; Brandt on Suretyship and Guaranty, § 114.

The other parties to the guaranty, who signed and delivered without any notice of Le Vin's revocation and withdrawal, were not bound. At all events there was no joint liability and the court below was justifiable in finding for the defendants. We find from examination of the supplemental bill of exceptions, obtained by appellant's counsel, that the judge does not say that he did not take the evidence upon the question of the revocation into consideration, in forming his conclusions upon the facts, but he says he did not take it into consideration in *announcing* his conclusions. The evidence was conflicting it is true, but upon a close scrutiny of it, we are satisfied that the clear weight and preponderance of it were with the defendants, and that the judgment below should be affirmed.

Affirmed.