Angevine *v.* Angevine.

<hr>

LEVI ANGEVINE and others, adm'rs, &c. appellants, *vs.* ANN ANGEVINE, respondent.

The amendment of section 399 of the Code making it applicable to surrogate's courts and proceedings therein, not only applied the provision allowing the examination of a married woman as a witness in her own behalf, on her application to the surrogate for letters of administration upon the estate of her deceased husband, but also the restriction on such examination; so that if she came within that restriction she could not be examined in her own behalf, against administrators, to prove any transaction had with the decedent.

The term party to an action, which was used before the section was extended to proceedings in surrogates' courts must be construed as applicable to all proceedings to which the first part of that section is made applicable.

Where, on application to the surrogate for letters of administration, it appeared that an alleged marriage was celebrated by the husband under an assumed name; was not consummated for five years thereafter, when the parties

first cohabited together; and the husband had always lived apart from the wife until his death; and had not acknowledged the marriage, to his family; *Held* that upon these facts, in connection with newly discovered evidence that the husband was absent from the city at the time of the alleged marriage, justice to all parties required that the question of fact as to a marriage having taken place should be submitted to a jury.

APPEAL from an order or decree of the surrogate of the county of New York, made on the 2d day of October, 1865, revoking letters of administration granted to the appellants herein on the 21st day of March, 1864, on the estate of Daniel Angevine, deceased, and decreeing letters of administration on said estate to the widow of said Daniel Angevine, who is the respondent herein. Daniel Angevine died on the 14th day of March, 1864, leaving him surviving the respondent who claimed to be his widow, and three children. The children at the time of his death were respectively aged eight, six, and three years old, who are his only next of kin, and heirs at law. It was claimed that Daniel Angevine was married to the respondent at the city of New York, December 16, 1849; the ceremony of marriage being performed by the Rev. Mr. Haven, a minister of the Methodist church. In connection with the present appeal, there was a motion to open the case, and take testimony newly discovered since the trial before the surrogate. Objection was made to the evidence of the respondent, in her own behalf, on the ground that she was not a competent witness, claiming against the estate by way of contract.

*Charles Cheney*, for the appellants.

*B. J. Blankman*, for the respondent.

*By the Court*, INGRAHAM, J. In this matter a motion is made to open the case and take testimony newly discovered since the trial before the surrogate.

I do not think we could order a new trial on such a ground solely, but as was done in the case of *Caujolles*, (9 *Abb.* 393,)

Angevine *v.* Angevine.

such evidence might be received on this appeal and considered in connection with it, if necessary.

The material question arises as to the propriety of admitting as a witness Ann Angevine in her own behalf to prove the marriage. This was objected to and an exception taken.

Since the amendment of the 399th section of the Code making it applicable to surrogates' courts and proceedings therein, it is immaterial whether she could have been a witness prior thereto or not. The application of that section to proceedings in surrogates' courts, not only applied the provision allowing her examination, but also the restriction on such examination, so that if she came within that restriction she could not be examined in her own behalf against administrators, in respect to any transaction had with the deceased person. The term party to an action, which was used before the section was extended to proceedings in surrogates' courts, must be construed as applicable to all proceedings, to which the first part of that section is made applicable.

Upon the questions of fact in this case there is great room for doubt. The alleged marriage to a person under a fictitious name ; the admitted fact that such marriage was not consummated for five years thereafter, and that the parties then and not before cohabited together ; the fact of his always living apart from the respondent until his death, and the want of recognition on his part to his family ; are strong circumstances to throw doubt on this transaction. And when there is connected with them, the newly discovered evidence that the deceased was absent from the city at the time of the alleged marriage, it seems that justice to all parties would be better subserved by submitting such a question to a jury.

I do not think a review of the evidence, or of the contradictions in it, at this time advisable. If a new trial is to be had before a jury, such trial had better take place without any expression of opinion by the court as to many matters appearing in the testimony.

Fairchild *v.* Liverpool and London Fire and Life Ins. Co.

For the reasons above mentioned, as well as for the admission of the respondent as a witness to prove the marriage, I am of the opinion that the decree of the surrogate should be reversed, and a new trial ordered at the circuit, costs to abide the event.

[NEW YORK GENERAL TERM, April 1, 1867. *Leonard, Smith* and *Ingraham,* Justices.]