John F. Hobart, Appellant, *v.* Chester L. Hobart et al., Respondents.

In an action brought by an heir-at-law of a deceased grantor, to set aside deeds, because of incompetency, and for fraud and undue influence, other heirs, not parties to the action, are not interested in the event thereof within the meaning of section 399 of the Code, and may testify as to personal transactions and communications between them and the deceased, and to any facts which any other witnesses might testify to. The success of the plaintiff would not affect them, as the deeds would still be valid against them. At most they are only interested in the questions involved, but this does not disqualify them, only going to their credibility.

Such a witness having been called by plaintiff, defendants' counsel objected to her testifying to any transaction or communication between her and the deceased, for the purpose of showing his condition of mind. As the case stated, "the objection was sustained to this class of evidence." No exception was taken; but, afterwards, the witness was recalled by plaintiff, who offered to prove by her communications between her and the deceased. This was objected to; objection sustained, and plaintiff excepted. *Held*, that it was proper to refer to all the offers to ascertain what was intended to be decided; that it appeared clearly the court intended to hold that personal communications between the witness and deceased could not be proved for any purpose; and that, therefore, the exception was sufficiently specific, and the ruling error.

Also, *held*, that it could not be objected that the offer did not disclose evidence material to the issue, as, if available at all, it should have been taken at the time; that it was unnecessary, in the first instance, to state the particular language sought to be proved.

(Argued April 21, 1875; decided May 25, 1875.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of defendants, entered upon a decision of the court at Special Term.

The nature of the action and the facts, so far as material, appear in the opinion.

*Henry R. Selden* for the appellant.

*W. F. Cogswell* for the respondents. The evidence of Mrs. Decker of communications and transactions between herself and her father, offered for the purpose of impeaching the deed, was properly excluded. (*Ogden* v. *Raymond*, 5 Bosw., 16; 1 Keyes, 42.)

CHURCH, Ch. J. This action was brought to set aside certain deeds executed by William L. Hobart, the father of both plaintiff and defendants, to the several defendants, in 1864, a few months prior to his death, upon the ground that the grantor was incompetent at the time to convey property, and also upon the ground of fraud and undue influence. The judge before whom the action was tried found that the grantor was of sound and disposing mind and memory, and that neither of the conveyances was obtained by fraud, or undue or improper influence. After a careful examination of the voluminous evidence adduced on the trial it is manifest that, the findings were fully justified by the evidence, and although there are facts and circumstances shown on the part of the plaintiff tending to establish the allegations of the complaint, and to excite a reasonable suspicion that some improper influence was exerted upon the grantor, who had become somewhat impaired by age and infirmity, both in mind and body, yet on looking at the whole case, and all the circumstances, a court might well find a decided preponderance of evidence in favor of the capacity of the grantor, and of the position of the defendants, that the conveyances were in fact made according to his free and independent will without any improper influence being exerted over him by any one. We are not however called upon to pass upon the evidence, except to determine that it is sufficient to justify the findings, in which event they are conclusive upon this court. The appellant had a right to a review upon the questions of law raised and decided during the trial. The case stands for review here in respect to exceptions to decisions upon such questions, substantially the same as an action at law when tried in the same manner. In neither case would it be proper

to disturb a judgment upon technical exceptions, or upon any rigid or strained construction. Every reasonable intendment is in favor of the judgment, and the ruling and decisions at the trial, and yet parties have a right to a review upon questions of law and to a reversal of the judgment for substantial errors committed at the trial.

The first, and perhaps most important alleged error, is in rejecting the evidence offered of Lucinda Decker and Charles H. Hobart, as to personal transactions and communications with the deceased. These persons were two of the children of the deceased, and each of them had received conveyances from him of property, about the same time and under similar circumstances as the defendants' which were sought to be set aside, but they were not parties to the action. The answer urged to this exception upon the argument was: 1st. That these persons were interested in the event of the action, and hence came within the restrictions of section 399 of the Code. 2d. That the offers of evidence were not sufficient to raise the question. The last point will be first considered.

When Mrs. Decker was upon the stand the case states: "The counsel for the defendants objected to the witness testifying to any transaction or communication between herself and her father, which is offered for the purpose of bearing on the condition of his mind, claiming that although she is not, she should be a party to the action. The objection was sustained to this class of evidence." No exception appears to have been taken at that time. Afterwards the same witness was recalled when the counsel for the plaintiff offered to prove by her, communications between her and her father, which was objected to, and the objection sustained and an exception taken. The court then ruled that the witness might state what she observed in the conduct of the deceased, but not as to communications.

So when Charles H. Hobart was upon the stand he was asked as to conversations with deceased, and the court held his testimony subject to the same limitations as Mrs. Decker's.

The exception was not repeated. The court also excluded evidence from this witness, that upon a certain occasion the deceased did not know him. It seems to me clear that the court intended to decide that personal communications between these witnesses and the deceased could not be proved by them for any purpose. Taking all that transpired, there is no reason for overruling the exception on the ground of generality. The attention of the court was specifically called in the first place to one purpose, and afterward the offer was general, and if the evidence was competent for any purpose it was error to reject it. It was unnecessary to repeat the exception, and it is proper to refer to all the offers for the purpose of showing what was intended to be decided. The objection that the offer did not disclose evidence material to the issue should, if available at all, have been taken by the defendants at the time. If these witnesses were competent to testify to conversations with the deceased, either for the purpose of showing the state of his mind, or to make his statements evidence of material facts, it was unnecessary, in the first instance at all events, to state the particular language sought to be proved. It cannot be claimed that the court was misled, nor but that it was intended to hold that these persons were incompetent to give this evidence, and the only question is whether such holding was error. These persons were not incompetent by reason of being parties to the action, and I am unable to see how they were in a legal sense interested in the event of the action. " The true test of the interest of a witness is, that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action. It must be a present, certain and vested interest, and not an interest uncertain, remote, or contingent." (1 Greenl. on Ev., § 390.) The record could not be used for or against them. If the plaintiff succeeded, the result would not affect these persons. The deeds would still remain valid as against them and their interest, notwithstanding the prayer for judgment that they be declared void as against the heirs

of the deceased. A plaintiff cannot enlarge his rights in respect to the judgment by asking for more than he is entitled to, nor can he in this way litigate the rights of others not parties. The most that can be claimed is, that these persons were interested in the question involved, but such interest is not sufficient to disqualify. (Id., § 389, and cases cited.) If these persons were either proper or necessary parties to the action they could have been brought in at any time under the Code, but application was not made by either party, nor was the point taken. They were competent to testify to any facts which any other witness might, and their feeling or position in reference to the subject-matter of the action could only go to their credibility. The point that communications or personal transactions sought to be proved for the sole purpose of showing the state of a person's mind as to sanity or competency is not within the purview of the restrictions contained in section 399, was not urged, and it is unnecessary to pass upon it; and yet the defendant Chester Hobart was permitted to testify to conversations with his father upon the matters involved in the action. It is said by counsel that this evidence was given only to show the state of mind of the grantor. This does not appear either by the objection or decision, but if so why should not the evidence of Charles Hobart and Mrs. Decker have been received for the same purpose. The counsel felt obliged to claim that the Code rendered them incompetent to testify to personal communications for any purpose, and yet to sustain the ruling as to Chester Hobart he must occupy the opposite ground. It is difficult to reconcile the two decisions as they appear in the printed case. It is urged that these decisions would not have changed the result. This may be so, but we have no legal means of so determining. When the admission or rejection of evidence could not legitimately affect the result, the error will be disregarded, but it cannot be seen what facts might have been proven, nor can we say what influence such facts might have had upon the court who tried the case.

It is unnecessary to discuss the other questions. For the

error in rejecting the evidence referred to we feel constrained
to reverse the judgment and grant a new trial, costs to abide
the event.

All concur.

Judgment reversed.