MARY E. ALEXANDER, Executrix, etc., Respondent, *v.* PHILIP DUTCHER, JR., et al., Appellants.

In an action brought by the personal representatives of a deceased person upon a promissory note against maker and indorser, neither of the defendants can be called as a witness in favor of the other, as to personal transactions with the deceased, although they have put in separate answers.

Section 399 of the Code makes no distinction between cases where parties are called as witnesses in their own behalf or in behalf of a co-defendant, or cases where they are jointly or severally liable.

The act of 1823 (chap. 276, Laws of 1832), authorizing maker and indorser to be joined in one action, and declaring that a defendant in such action shall be entitled to the testimony of a co-defendant in those cases where he would have been entitled to it, had the suit been brought in the form theretofore used, was superceded by sections 120 and 397 of the Code.

(Argued May 24, 1877; decided September 18, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department affirming a judgment in favor of plaintiff entered upon a verdict. (Reported below, 7 Hun, 439.)

This action was brought by plaintiff as executrix of Andrew Alexander, deceased, upon a promissory note against defendant, Philip Dutcher, Jr., as maker, and the other defendants as indorsers.

Said defendant, Philip Dutcher, Jr., answered separately, pleading usury and payment; the other defendants answered jointly, setting up the same defenses.

Said Philip Dutcher was called as a witness, and the counsel for the other defendants offered to prove by him that the note was discounted by the deceased at a usurious rate of interest. This was objected to as inadmissible, under section 399 of the Code. The objection was sustained, and said counsel duly excepted. Defendant House, as a witness on behalf of the other defendants, was asked as to personal transactions with the deceased, which was objected to, and excluded on the same ground.

*E. F. Bullard,* for the appellants. The court erred in not allowing the maker of the note to be sworn as a witness. (*Simmons* v. *Sisson,* 26 N. Y., 277; *Cary* v. *White,* 59 id., 339; 4 R. S., 454, § 8; Potter's Dwar. on Stat., 154; Code, § 397; *Hildebrant* v. *Crawford,* 6 Lans., 502, 506.)

*Esek Cowen.* for the respondent. The offers of the several defendants to show usury, payment, etc., by their co-defendants were properly excluded. (Code, § 399; *Genet* v. *Lawyer,* 61 Barb., 211, and note. The evidence was properly excluded as it had no tendency to prove any of the defenses set up in the answer. (*Hubbly* v. *Brown,* 16 J. R., 70; *Brown* v. *Hyde,* 6 Barb., 392.) The fact that the note was five years over due, and that one of the indorsers was solvent, had no legal bearing upon the question of payment. (*Daly.* v. *Ericson,* 46 N. Y., 786; *Ingraham* v. *Balwin,* 9 id., 45.)

Rapallo, J. I can find no provision, excepting a case like the present, from the operation of section 399 of the Code. That section prohibits all parties to actions from testifying to personal transactions with a deceased person against his executors, etc., and makes no distinction between cases where parties are called as witnesses on their own behalf, or in behalf of a co-defendant, or cases where they are jointly or severally liable. It might have been reasonable to make such distinctions, but we have no authority thus to supplement the act, which is clear and positive in its terms.

The act of 1832 cannot aid the case. It has been superseded by sections 120 and 397 of the Code.

There was no evidence on which the issue of payment could properly have been submitted to the jury.

The judgment should be affirmed.

All concur.

Judgment affirmed.