ALBINA ELY, AS EXECUTRIX, ETC., OF LORENZO ELY, DECEASED, RESPONDENT, v. THOMAS W. CLUTE AND JOSEPH B. CLUTE, APPELLANTS.

*Note — when joint and several — when the testimony of one defendant in behalf of his co-defendant not excluded by section 829 of the Code of Civil Procedure.*

This action was brought upon a promissory note, made by the defendants to one Ely, the plaintiff's testator. The note read: "One day after date I promise to pay," and was signed by both defendants. Upon the trial, the defendant, J. B. Clute, to establish the defence of usury, called his co-defendant, and offered to prove by him the usurious agreement made with the deceased, the offer expressly stating that the evidence was to be used solely for the benefit of the defendant, J. B. Clute, and not in behalf of the witness. Under the plaintiff's objection, the evidence was excluded as inadmissible under section 829 of the Code of Civil Procedure.

*Held*, that the note was, in law, a joint and several one, and that separate judgments might be rendered against the two makers.

That as the testimony of the witness was to be used solely in behalf of his co-defendant, and not in his own behalf or interest, it was not excluded by section 829 of the Code of Civil Procedure, but should have been received.

APPEAL from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried, after a verdict in favor of the plaintiff.

*Morriss & Russell* and *Lambert*, for the appellants.

*C. D. Murray*, for the respondent.

TALCOTT, P. J.:

This is an appeal from an order made at the Chautauqua Circuit, denying a motion for a new trial, made upon the minutes of the court. The action was upon a promissory note, in the words and figures following, to wit:

" $270.                        STOCKTON, *March* 14, 1875.

" One day after date I promise to pay Lorenzo Ely, or bearer, two hundred and seventy dollars at the post-office in Stockton. Value received with use.

                    " THOMAS W. CLUTE. ·
                    " J. B. CLUTE."

The defendants, Thomas W. Clute and Joseph B. Clute, had answered, each for himself, setting up the defence of usury to the note in suit, founded upon a certain alleged agreement, made by and between the defendants and Lorenzo Ely, the payee named in the note.

Lorenzo Ely was dead at the time when the trial came on, and the plaintiff, Albina Ely, his executrix, was substituted in the action as plaintiff, in her character as the executrix of the estate of Lorenzo Ely, the payee named in the note.

On the trial, the defendants' counsel called as a witness Thomas W. Clute, one of the defendants, as a witness on the part and behalf of Joseph B. Clute, his co-defendant, for the purpose of establishing, in behalf of said Joseph B., the alleged usury, as set up in the answer, and offered to prove by him the corrupt and usurious agreement set forth in the answer. The offer was expressly stated to be in behalf of said Joseph B., and not in the behalf or interest of the said Thomas W., or to prove in his behalf the said defence, or in any way to establish any defence for, or in behalf of the said witness or in his interest.

The plaintiff objected to the witness giving evidence of any of the allegations contained in the answer, tending to show a corrupt and usurious agreement between Lorenzo Ely, the deceased,

and the witness, on the ground that the witness was incompetent to prove a personal transaction with the deceased. The objection was sustained by the court under section 829 of the Code of Civil Procedure, and the defendant, Joseph B. Clute, in whose behalf the testimony was offered, excepted to the ruling. A similar offer was made in behalf of the defendant, Thomas W. Clute, to prove the same facts, in his behalf and interest, by his co-defendant, Joseph B. Clute, which offer was also objected to ; the evidence was rejected by the court on the same grounds, and the defendant, Thomas W. Clute, excepted to the ruling.

A note, " I promise to pay," etc., and signed by two persons, is, in law, a joint and several note. (Edwards on Bills and Notes, 682; *Hemmenway* v. *Stone*, 7 Mass., 58; *Marsh* v. *Ward*, Peake's Rep., 130.)

Separate judgments may be rendered against the different makers in such a case. (Code of Civil Procedure, §§ 1204, 1205.) Suing the defendants jointly does not affect the right of either to any order or other relief to which he would have been entitled if separately sued. (Code of Civil Procedure, § 455.) Under section 399 of the Old Code, the witnesses offered in this case would probably have been incompetent, from the fact that each was a party to the action. Under section 829 of the Code of Civil Procedure, a witness is not excluded merely because he is a party to the suit.

In order to be incompetent to testify concerning a personal transaction against the executor, etc., of a deceased person, in regard to a personal transaction or communication between the witness and the deceased, he must be called to testify, or his testimony must enure to the benefit of his own behalf or interest. In the case at bar, the testimony of either witness could not enure to his own interest or behalf, as he was expressly offered only in behalf of the other defendant.

For example : If Thomas W. Clute had been examined, as offered, and his testimony had established the usury, in behalf of Joseph B. Clute, and there had been no competent witness who could prove the facts in behalf and interest of Thomas W. Clute, the plaintiff, notwithstanding the testimony of Thomas W. Clute would have been entitled to a verdict against him ; for his evidence

was not offered, nor was it receivable in his own behalf or interest.

The effect of the change made in the Code was recognized by this department in the case of *Allis* v. *Stafford* (14 Hun, 418); see, also, *Richardson* v. *Warner* (13 Hun, 17), and *Alexander* v. *Dutcher* (70 N. Y., 385).

We think the ruling excluding the witnesses, as offered, was erroneous.

The order denying a new trial is reversed, and a new trial is ordered, costs to abide the event.

SMITH and HARDIN, JJ., concurred.

Ordered accordingly.