## SARAH A. SCHOONMAKER AND ZADOC B. SCHOON-MAKER, APPELLANTS, *v.* GEORGE WOLFORD, ELISHA WOLFORD AND RALPH WOLFORD, RESPONDENTS.

*Probate of will — an heir cannot testify as to personal transaction with the deceased, as against an executor propounding the will for probate — Code of Civil Procedure, § 829, applicable to surrogates' courts — When an appellate court cannot disregard errors, in admitting evidence in an equity case — when an error will be considered though not argued by counsel.*

One Cornelia Wolford died leaving a will by which she devised all her property to Sarah A. Schoonmaker, and appointed the said Sarah and her husband executors thereof. An application made by the executors for the probate of the will was opposed by the three brothers of the deceased, her only heirs-at-law and next of kin, on the ground that she was of unsound mind and incapable of making a will. Upon the hearing one of the brothers was allowed by the surrogate, against the objection and exception of the proponents of the will, to testify as to personal transactions had with the deceased. Subsequently the other brothers were allowed to give similar testimony, without any specific objection to it being made or exception to it taken by the said proponents.

Upon an appeal from a decree of the surrogate refusing to admit the said will to probate, *held*, that section 829 of the Code of Civil Procedure forbidding any person interested in the event of an action or special proceeding from testifying in his own behalf as to any personal transactions or communications with the deceased, as against his executor, or any person interested through or under him, was applicable to surrogates' courts.

That although technically the proponents were neither executors of or legatees under the will until it was admitted to probate, yet, as it was well executed as regarded all legal formalities, they held before the surrogate the position of executors and legatees, and were protected by the said section.

That the evidence was inadmissible under the said section, and that it should have been rejected.

That the surrogate having ruled, when the objection was made to the testimony of the brother first called, that such testimony was admissible, the proponents were not bound to renew the objection and exception each time that similar testimony was given by the other brothers.

That the erroneous admission of the evidence could not be disregarded, as the court could not say that such evidence did not affect the result in this case.

*Quære,* as to whether the doctrine that the appellate court might, in its discretion in equity cases, disregard errors in the admission of evidence, if satisfied that the findings of fact were supported by other and sufficient proof, has not been overturned by the decision of the Court of Appeals in *Foote* v. *Beecher.*

When the General Term will consider an error committed upon the trial, to which an exception was duly taken though not argued on appeal, considered.

APPEAL from a decree of the surrogate of the county of Schoharie, refusing to admit to probate an instrument purporting to be the last will and testament of one Cornelia Wolford, deceased, on the ground that she was not at the time of executing it competent to devise real and personal estate, and was under an insane mental delusion.

The deceased died at the age of sixty-three years, never having been married, and leaving three brothers her only heirs-at-law and next of kin, who opposed the probate of the will.

By the alleged will the deceased devised all her property, both real and personal, to Sarah A. Schoonmaker, one of the appellants herein, and appointed her executrix, and her husband, the other appellant herein, executor thereof.

*W. C. Lamont*, for the appellants.

*Krum & Grant*, for the respondents.

BOCKES, J. :

We are met at the threshold in the examination of this case with a question of evidence which we think was erroneously disposed of in the court below. The heirs-at-law and next of kin of the testatrix, who claimed the property of the deceased in hostility to the appellants, the executor and executrix named in the will, the latter being also legatee and devisee thereunder, were allowed, against objection, to testify as to personal transactions and conversations between them and such deceased party. Such evidence was inadmissible under section 829 of the Code of Civil Procedure, which section takes the place of section 399 of the former Code. This section has application to surrogates' courts and proceedings therein. (See Code ; also, *Angevine* v. *Angevine*, 48 Barb., 417.) It cannot be successfully claimed that the incompetent evidence was uninfluential ; for the respondents' case rests very much, if not entirely, upon the effect given it. Without the evidence of the brothers of the testatrix, the decree appealed from is without any substantial support. But it is urged that this exception covers only the testimony of one of the three witnesses, and that the respondents' case is well

established by the evidence of the other two, supplemented by the unquestioned proof from other persons. This is hardly a fair construction of the ruling of the surrogate. When the examination was first brought to personal transactions between the witness and the deceased, the objection was interposed to this class of evidence. The objection was overruled and an exception entered to the ruling. The decision was to the effect that such evidence was admissible. It was not necessary to a review of the question thus presented and determined to repeat the objection, after a ruling had been given upon it and an exception had been interposed. (*Hobart* v. *Hobart*, 62 N. Y., 83.) The principle right or wrong was settled by the ruling and that became then the test of error.

But even if the exception went only to the testimony of one of the brothers of the testatrix, the error could not be disregarded, although other witnesses testified substantially to the same facts as those to which he gave evidence. The objectionable testimony from him bore directly upon the subject-matter of the issue, and the court cannot say, with certainty, that it was without influence upon the result. Indeed, the presumption is quite the other way in this case, inasmuch as the other evidence was of no higher grade, nor was it entirely conclusive in its abundance or character.

It has been supposed that the court, in its discretion, might disregard errors in the admission of evidence, in equity cases, if the conclusion should be reached that the finding of fact was supported without considering the proof improperly admitted. (*Forrest* v. *Forrest*, 25 N. Y., 501; *Clapp* v. *Fullerton*, 34 id., 190; *Church* v. *Kidd*, 3 Hun, 254; *Platt* v. *Platt*, 2 S. C. R. [T. & C.], 25.) But these cases are seriously shaken by the late decision in *Foote* v. *Beecher* (8 Weekly Dig., 520), in the Court of Appeals, where it was held that in case it could not be affirmed that the improper evidence was uninfluential upon the result, the error of its admission could not be overlooked; and, further, that in this respect there was no distinction between actions of a legal and those of an equitable nature. (See this case in Sup. Ct., 12 Hun, 374.) So, too, it was decided in *Hobart* v. *Hobart* (62 N. Y., 84), that where it could be seen that the error in the admission

or rejection of evidence *could not legitimately affect the result*, it might be disregarded. The rule above alluded to, supposed to be applicable to equity cases, has been adopted into the Code of Civil Procedure (section 1003). This section relates only to equity cases, as appears from the text, and also from the codifier's notes, and is but declaratory of a rule already laid down by the courts. Then comes the decision in *Foote* v. *Beecher*, holding the rule as to the admission of improper evidence to be the same in equity cases as in actions at law. *Foote* v. *Beecher* was an equity action, yet the decision of the Supreme Court was reversed on this precise point, and that, too, since section 1003 was adopted, which, as is above suggested, was but declaratory of the previous rule in equity suits. But we are here relieved from the necessity of determining the application of the rule under consideration, now adopted into the Code, inasmuch as we do not deem this to be a case wherein it can be fairly said that the erroneous evidence admitted should not, in view of other unobjectionable proof, affect the result.

It is urged that section 829 of the Code of Civil Procedure has no application here, because the proponents, present appellants, were neither executors, administrators, legatees or devisees, until the will was established and admitted to probate. This suggestion is without force. They were named in the will as executor and executrix, and the executrix was a legatee and devisee thereunder. The will was well executed as regards all legal formalities. Their rights under the will were, *prima facie*, established when the objectionable evidence was offered. They held before the surrogate the position of executor and executrix, legatee and devisee. The heirs-at-law and next of kin, who were excluded by the provisions of the will from all rights in the decendent's property, were seeking to defeat the claims of the former under the instrument. In this view they were persons " interested in the event " of the proceeding. The proponents claimed under the provisions of the will ; the contestants in hostility to the instrument, hence they could not be examined in their own behalf in regard to personal transactions with the testatrix. They came both within the letter and spirit of the law. But if clearly within its reason and spirit it was sufficient. (*Mattoon* v. *Young*, 45 N. Y., 696; *Van*

*Trul* v. *Van Trul*, 57 Barb., 235; *Timon* v. *Claffy*, 45 id., 438; *Howell* v. *Taylor*, 5 W'kly Dig., 234.) The evidence of the brothers of the deceased as to the personal transactions with the latter bearing on the issue was erroneously admitted.

In the examination of this question of evidence we have been somewhat embarrassed, by the fact that the subject is not even alluded to in the brief and printed points of the appellant's counsel, save indirectly. As a general rule, we are disinclined to consider a question not urged upon our attention. It is true that on the oral argument the point was put forward, but with little apparent vigor. But there stands the exception in the record in full force. It has not been waived as we can find. If this court should see fit to ignore or disregard the exception, the question would still remain open in case of an appeal to the Cour⁺ of Appeals, and might be there urged. A similar difficulty was considered in *Cohn* v. *Goldman* (8 W'kly Dig., 493; 76 N. Y., 284) in the latter court, where it was held that if an exception presents clear error and one of materiality, which may have influenced the result of the trial, an appellant may bring it to notice on its final appeal, *although not raised at General Term.* Thus, it seems, we are bound to consider the error; and, as above suggested, it seems to be fatal to the decree brought before us for review.

It should also be further remarked that if the difficulty above considered were out of the way, we should feel that we were required to reverse the decree of the surrogate on the proof submitted, and send the case to a jury on issues to be settled for the purpose of trial in that form, under the binding force of the decision in *Coit* v. *Patchen* (9 W'kly Dig., 15), reported since this case was argued before us. That case, in most of its leading features, is quite like this in hand. Wherein it differs from this, the difference is in favor of the appellants here. (See also *Wait* v. *Breeze*, 18 Hun, 403.) But as we have concluded that the case should go to a jury on the facts, we deem it best to omit all discussion of it on the merits, to the end that the trial may not be prejudiced by observations which may not have pertinency on its possibly altered condition, as it may be made on a retrial.

The decree appealed from must be reversed, as well for the

error in the admission of evidence, as also upon questions of fact; and issues must be awarded to be tried at the circuit, which issues may be settled by the Special Term of this court on application by either party to this appeal. The costs of this appeal to abide the event of the proceeding. (*Van Pelt* v. *Van Pelt*, 16 How., 299.)

Decree reversed, issues to be settled at Special Term, costs of of appeal to abide the event.

BOARDMAN, J., concurred.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Decree reversed, issue awarded to be settled at Special Term, costs of appeal to abide event. Order to be settled by BOCKES, J.