MARIA SMITH, RESPONDENT, v. ANDREW MEAGHAN AND OTHERS, APPELLANTS.

*Fraudulent conveyance — each heir-at-law of the grantor may maintain a separate action to set it aside — right of an heir-at-law, not a party to the action, to testify as to personal transactions with the deceased — Code of Civil Procedure, sec. 829*

This action was brought by a daughter of one Thomas Meaghan, as one of his heirs-at-law, to set aside a conveyance made by him to her brother Andrew, on the ground that it was procured by the fraud and undue influence of her brother Robert. The plaintiff was the only one of the five heirs-at-law who sought to set aside the conveyance.

*Held,* that as the plaintiff was not jointly interested.with the other heirs-at-law, and as her interest in the land was separate and distinct from theirs, any judgment entered in the action could affect only the undivided one-fifth interest in the premises to which the plaintiff claimed to be entitled.

That one of the other heirs-at-law, not a party to the action, could testify as to personal transactions or communications with the deceased tending to sustain the validity of the deed.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*J. R. Stevens,* for the appellants.

*R. A. Parmenter,* for the respondent.

LEARNED, P. J. :

This action is brought to set aside a conveyance made by Thomas Meaghan, since deceased, to Andrew Meaghan, and certain subsequent conveyances by said grantee. The alleged ground is that the conveyance was obtained by the fraud and undue influence of Robert Meaghan. Thomas Meaghan died intestate and left surviving, the plaintiff, Andrew Meaghan, Robert Meaghan, John Meaghan and Bridget Russell, his children and heirs-at-law. The plaintiff therefore inherited one-fifth of the real estate of the deceased. None of the other heirs seek to set aside the conveyance. Hence it follows that this action can affect only the undivided one-fifth of the premises which descended to the plaintiff, or which would have descended to her, if the conveyance to Andrew had not been executed. She is not jointly interested with the other four; and her share is as distinct from theirs as if she had inherited a separate piece of land. She does not represent, and cannot represent, the other heirs. They are not necessary to a complete determination of the controversy as to her undivided fifth. They might join with her, in respect to their several shares, if they chose to do so, because the conveyance which they would seek to set aside is one thing. But they need not join, and may, in fact, release to the alleged fraudulent grantee all their interests.

Hence it follows that the judgment in this action could affect only the one-fifth belonging to the plaintiff, Maria Smith. This appears to have been disregarded in the form of the judgment which purports to set aside the whole conveyance. Plainly such a

judgment is not warranted. There is no reason to think that Andrew Meaghan or Robert Meaghan desire to set it aside as to their respective fifths.

But the form of the judgment might possibly be of small consequence, on the principle that judgments bind only the parties, were it not that Robert and Andrew are parties defendant.

These considerations are important in discussing a question as to the exclusion of evidence. Bridget Russell was called as a witness for the defendant. She was a daughter of the deceased and hence inherited one-fifth of the property. She was not however a party to this action. The defendant offered her as a witness to certain transactions or communications with the deceased, and on the plaintiff's objection her testimony was excluded under section 829, Code Civil Procedure. This was erroneous. In the first place, if interested at all, she was called against her interest. The section as it now stands is, in this respect, different from the former section, as will be seen on comparing the two. Mrs. Russell's interest, if she had any in this action, would be with the plaintiff, and she was called by the defendant.

But, again, she was neither a party nor interested in the event of the action. The recovery of this plaintiff could not give Mrs. Russell her one-fifth of the property. As has been above pointed out, the recovery in this action could only be for the one-fifth which descended to this plaintiff. If Mrs. Russell should desire to recover her fifth, she would be obliged to bring an action of her own. It is not enough to say that the moral effect of the plaintiff's success might aid Mrs. Russell if she should ever bring a similar action. The statute means pecuniarily interested, and this Mrs. Russell was not. This view is clear on principle and is established in *Hobart v. Hobart* (62 N. Y., 80).

The judgment must be reversed and a new trial granted, costs to abide the event.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment reversed, new trial granted, costs to abide event.