HELEN MOORE AND OTHERS, PLAINTIFFS, v. ALLISON
OVIATT, DEFENDANT, IMPLEADED, ETC.

*Evidence — meaning of the words " interested in the event" in section 829 of the Code
of Civil Procedure — motion for a new trial after the entry of an interlocutory
judgment.*

In an action of partition brought by a daughter and a granddaughter of the deceased owner against his son and widow, the latter interposed no answer, while the son alleged that land had been conveyed by the deceased to the granddaughter's father, as an advancement, and that the same should be set off against the share to be allotted to her. Upon the trial the son sought to prove by the widow. who joined in the deed to the deceased son, that it was given without consideration, as an advancement.

*Held,* that it was error to reject the evidence as inadmissible under section 829 of the Code of Civil Procedure.

The words "interested in the event," as used in the said section, are to be limited in their application to the particular issue or question as to which the witness is to be examined.

After an interlocutory judgment has been entered a motion for a new trial may be made at a General Term, without taking any appeal from the judgment.

MOTION by the defendant Allison Oviatt for a new trial, founded on a case in an action for the partition of lands, after an interlocutory judgment had been entered on the report of a referee, and before final judgment had been awarded.

No appeal was taken from the interlocutóry judgment, and the motion is made in this court in the first instance.

*George H. Phelps*, for the motion.

*J. R. & M. B. Jewell*, opposed.

BARKER, J.:

Thomas V. Oviatt died intestate, the owner in fee of the lands sought to be partitioned in this action. His heirs-at-law were his two children Helen Moore, one of the plaintiffs, Allison Oviatt, one of the defendants, and Frances Oviatt, one of the plaintiffs, who is the granddaughter of the deceased and only child of Miles M. Oviatt, deceased. His wife Olive Lydia survived him, and she is also made a party defendant. In the complaint the estate of each of these parties in the premises described is fully and correctly set forth, as the same descended to and vested in them as the widow and heirs-at-law of the deceased. The defendant Allison appeared and answered, admitting all the material facts averred in the complaint, and set up as a partial defense that his father in his lifetime deeded certain lands and premises to his son Miles M., by way of an advancement to him, and demanded that in making partition of the premises the same be taken into consideration by the court in allotting to the plaintiff Frances Oviatt her share in the premises. The plaintiffs served a reply to this answer denying the facts therein set forth. The widow did not answer. The issue thus joined was referred to a referee to hear and determine, and in his report he found against the defendant Allison on the question of the alleged advancement.

On the trial it was established that the decedent in his lifetime and on the 5th day of June, 1869, conveyed certain lands of which he was then the owner in fee simple, to his son Miles M., the father of the plaintiff Francis, and that the value of the same at that time was $1,000. In this conveyance the widow joined releasing her inchoate right of dower in the premises. The defendant Allison called as a witness in his behalf the defendant Lydia, the widow, and offered to prove by her that the conveyance mentioned was executed without consideration, and as a deed of gift and was intended as an advancement to the grantee, Miles M. Oviatt, out of

the real estate of the ancestor. The plaintiffs objected on the ground that the witness is a party to the action and interested in the event, and the testimony proposed would be in her own interest and against the heirs of Miles M. Oviatt; that the plaintiff Francis Oviatt is a survivor of Thomas V. Oviatt and Miles M. Oviatt, and that the witness is a survivor of Thomas V. Oviatt and a party to this action and is incompetent under the provisions of section 829 of the Code of Civil Procedure.

In my opinion Mrs. Oviatt was a competent witness to prove the fact in the issue tried before the referee. All persons and parties are competent as witnesses on the trial of all issues, unless they are excluded by reason of the exceptions existing to this general law of evidence, as provided in section 829 of the Code of Civil Procedure. A witness does not come within the excepted cases as therein provided, unless he is interested in the event of the issue on which he is called to testify, or that he be the person from whom the party calling him derived his interest or title in the subject-matter in litigation, and the person against whom he is called derives his interest or title in the same subject-matter from or through a deceased person. Here the widow, who was called as a witness by the defendant Allison Oviatt, was not interested in any degree in the question of the alleged advancement. Her only interest in the event of the action was the establishment of her dower right in the lands described in the complaint, of which her husband died seized. This estate of the witness, in the lands to be partitioned, was admitted in and by the pleadings. She is wholly indifferent, in a legal sense, which way the issue between the other parties may be decided. Her right of dower will be the same in either event, as her husband died seized of the premises. If the plaintiff Frances shall be excluded from taking any share of the lands in question, by reason of an advancement made to her father, it will not cut off the widow's dower in any part of the lands, nor do any of the parties contend that it will. If the alleged advancement be made out, it will not secure to the widow dower in the lands conveyed for that purpose, for she joined therein releasing her inchoate right of dower. No reason is assigned for disturbing the conveyance, and none of the parties ask that the title which it secured to Miles M. be in any degree impaired or disturbed. It is

clear beyond all doubt that the witness has no interest in the question on which she was called to testify.

. By section 829, persons or parties interested in the event of the action are excluded as incompetent witnesses in the particular instances mentioned therein, and it is argued by the plaintiff, as the witness was interested in the event of the action, then, by force of the language used, the case falls within the letter of the statute, and the witness was properly held incompetent. The words " interested in the event," should be construed to mean, and be limited in their application to the issue or question as to which the witness is called to testify. Such was the rule well established in the common-law courts on the question of competency, before the Code, and the same had no broader application when applied in courts of equity, where questions of fact were frequently litigated between particular parties to the suit, in which the other parties had no interest whatever. The interest which operates to disqualify a witness, must be such that he will either gain or lose by the direct legal operation and effect of the judgment of the court disposing of the fact in dispute, and also the interest which produces incompetency, must be present, certain and vested, and not remote or contingent. (1 Greenl. Ev., § 390; *Hobart* v. *Hobart*, 62 N. Y., 83; *Miller* v. *Montgomery*, 78 id., 283; *Steele* v. *Ward*, 30 Hun, 555.)

It is unnecessary to cite instances in which the common-law rule was applied, where a party defendant who had suffered a default was held to be a competent witness for either of the other parties on the trial of issues joined between them. The rule, however, may be found correctly laid down, and some of the cases where it has been applied cited in 1 Greenleaf, sections 356, 357, 361, 395. It will be seen, on examination of the cases, that the rule was applied by the common-law courts in actions on contract, in tort and ejectment.

The construction for which the plaintiff contends would have the effect to increase instances of incompetency of witnesses on the ground of interest, where it is the purpose of the statute to limit the disqualifications to the particular class of persons mentioned in section 829. The ruling of the referee excluding the declarations made by the grantor before the delivery of the deed, as to his intention and purpose in making the same, was correct and was not the

foundation for a good exception, as it does not appear that the grantee was present at the time they were made. The subsequent ruling, excluding the declarations of the grantor made in the presence of the grantee, was erroneous, if it distinctly appeared from the other evidence that they were made under such circumstances as to imply the grantee's assent to the truthfulness of the statement. Other questions than those embraced within the issue and such as usually arise in partition suits were referred to the referee to investigate and were passed upon in his report. The judgment was interlocutory and not final. The motion for a new trial was therefore properly made in this court in the first instance, as provided in section 1001, without an appeal from the interlocutory judgment. (*Church* v. *Kidd*, 3 Hun, 262; *Stanton* v. *Miller*, 65 Barb., 58; Old Code, 268; *Produce Bank* v. *Morton*, 52 How., 162.)

The interlocutory judgment and the report of the referee are set aside and a new trial granted before another referee. All questions of costs remain until final judgment.

BRADLEY and HAIGHT, JJ., concurred.

Interlocutory judgment reversed and a new trial ordered before another referee. All questions of costs reserved until final judgment.