CHRISTIAN EHMANN, Appellant, *against* HELENA SCHEUERMAN *et al.*, Respondents.

(Decided February 6th, 1888.)

In an action by the transferee of the payee of a promissory note, to enforce the liability of a surety thereon, in which the defenses were payment and a release of the surety by taking security from the maker, it appeared that the maker was also named as a defendant in the action, but was not served with a summons and had never appeared, and that at the time of trial the statute of limitations had run against him. The payee died prior to the commencement of the suit, and the surety died before the same was brought to trial, the latter's executrix being substituted in his place. *Held*, that the maker was competent to prove that a chattel mortgage offered in evidence, containing a mis-description of the note in suit, was given by him to secure such note, and that he had paid the mortgage by work done for the payee in his lifetime. Such maker was not a party to the action and had no interest in the event of the same, within the meaning of section 829 of the Code

of Civil Procedure relating to evidence of personal transactions with a deceased person. And it was competent to show by the answer that, at the time an alleged conversation with the deceased surety was said by a witness to have taken place, the action was at issue.

APPEAL from a judgment of this court entered on the verdict of a jury.

The facts are stated in the opinion.

*Thomas Bracken,* for appellant.

*Samuel G. Adams,* for respondent.

BOOKSTAVER, J. — The action was brought on a promissory note, made by Frederick Ott, and indorsed by Philip Scheuerman, as surety, and delivered to Charles S. Ehmann, the payee, for value. The plaintiff claimed to be the owner of the note, by purchase from his brother Charles. The latter fact was denied by the defendant Scheuerman, the only one who appeared. Ott, the maker of the note, was never served with the summons, and did not appear as a party. Defendant Scheuerman also set up as defenses, payment by Ott, and a release of himself as surety, by reason of a certain chattel mortgage, given by the maker, and received by the payee, as security for the note. The payee of the note died before this action was brought. Philip Scheuerman, the surety, died before trial, and the action was revived against his executrix.

On the trial a chattel mortgage was produced, executed by Ott, the maker of the note, to Ehmann, the payee therein. There were what were claimed to be mis-descriptions of the note in the mortgage; and Ott was called by the defendant to prove that the mortgage was given to secure the note in suit; and also that he had paid the mortgage, by work done for the payee, in his lifetime. This testimony was objected to by plaintiff, on the ground that it related to personal transactions between the witness and a deceased person, and was incompetent, under section 829

Ehmann v. Scheuerman.

of the Code, whether he testified in his own behalf or on behalf of a co-defendant.

On the argument, appellant's counsel insisted that *Alexander* v. *Dutcher* (70 N. Y. 385) was conclusive on this question, and that case does lay down the rule here contended for. But that decision was rendered under section 399 of the Old Code. That section provided that "no party to an action or proceeding, interested in the event . . . shall be examined as a witness, in regard to any personal transaction," etc., against the executor, etc., and justified the decision. But the court, after declaring that section 399 (Old Code) made no distinction between cases where parties were called as witnesses on their own behalf or in behalf of a co-defendant, or cases where they were jointly or severally liable, says: "It might have been reasonable to make such distinctions." And the legislature has made the distinction as far as co-defendants are concerned, in the New Code, which provides (§ 829), that such person shall not be examined as a witness "in his own behalf or interest, or in behalf of the party succeeding to his title or interest against the executor," etc.

In this case, Ott, although named as a defendant, was never served with the summons, and did not appear in the action. He was therefore no party to the action. Neither was he examined as a witness on his own behalf; and his testimony was competent, we think, in behalf of the defendant Scheuerman, under the Code as it stands, unless rendered incompetent by reason of his interest in the event of the action.

He is not a party to it. No judgment can be recovered against him, in it. The note became due in 1874, and no action can now be maintained by the plaintiff or any transferer from him, against Ott, on the note. The test of interest of a witness is that he will either lose or gain by the direct legal operation and effect of the judgment; or that the record will be legal evidence for or against him, in some other action (*Miller* v. *Montgomery*, 88 N. Y. 285). Such interest must be present, certain, and vested, and not remote

or contingent (*Moore* v. *Oviatt*, 35 Hun 216; *Hobart* v. *Hobart*, 62 N. Y. 80). Measured by these rules, the witness had no interest in the event of the action, and the testimony objected to was competent.

The bill for work done by Ott, for the payee of the note, was objected to only on the ground that it was incompetent under the same section of the Code, and as that is untenable, no error was committed in admitting it in evidence.

The exceptions to the refusal to direct a verdict for plaintiff, and to the charge, and the refusals to charge, being based upon the incompetency of the testimony before referred to, fall with the exceptions to that testimony.

During the progress of the trial a witness for the plaintiff testified to certain conversations with Philip Scheuerman, the surety on the note; which, the witness said, occurred before the commencement of this action. The answer was introduced in evidence, apparently for the purpose of contradicting this statement. We think it was competent to show by the answer that, at the time the conversations were said to have taken place, the action was at issue; and that no error was committed in admitting it for that purpose.

The judgment should therefore be affirmed.

LARREMORE, Ch. J., and J. F. DALY, J., concurred.

Judgment affirmed.