(35 Misc. Rep. 379.)

PODMORE v. SEAMEN'S BANK FOR SAVINGS.

(City Court of New York, General Term.  June, 1901.)

WITNESS—COMPETENCY—TRANSACTIONS WITH DECEDENT.
    In an action by an administrator of a depositor against a savings bank
    to recover a balance of decedent's deposit, where the bank alleges pay-
    ment to a donee causa mortis, such donee is not an incompetent witness
    regarding the gift, under Code Civ. Proc. § 829.

Appeal from trial term.

Action by John Podmore, administrator of Annie Podmore,
against the Seamen's Bank for Savings, on the account of the in-
testate with the bank.  Defendant alleged a gift of the deposit,
causa mortis, to one Bridget Reilly, and payment to such donee.
From a judgment for plaintiff, defendant appeals.  Reversed.

See 57 N. Y. Supp. 829, 59 N. Y. Supp. 629, and 62 N. Y. Supp. 526.

Argued before HASCALL and O'DWYER, JJ.

Henry S. Wardner, for appellant.

Hymes, Woytisek & Schaap (Michael Schaap and Edward Hymes,
of counsel), for respondent.

HASCALL, J.  We think that the court at trial term erred in
striking out the testimony of Bridget Reilly, and in not submitting
to the jury the question as to whether there had been a gift to
her of the money deposited and the account kept with the defendant
bank, already paid over and closed.  It was the direct issue involved,
under the defendant's pleading.  Mrs. Reilly is not an interested
party, to be precluded from testifying, under section 829 of the Code
of Civil Procedure,—is not a party at all, nor "a person from, through
or under whom such a party  *  *  *  derives his interest."  The
bank, it appears, in no way succeeded to her title, and she is not
"interested in the event," within the meaning of the statute, and
could not be bound by the judgment, whichever way it should go.
For these reasons, her testimony was competent.  Hobart v. Hobart,
62 N. Y. 80; Nearpass v. Gilman, 104 N. Y. 507, 10 N. E. 894; Wal-
lace v. Straus, 113 N. Y. 242, 21 N. E. 66.  Judgment and order
should be reversed, and a new trial ordered, with costs to appellant
to abide the event.

Judgment and order reversed, and new trial ordered, with costs
to appellant to abide event.

O'DWYER, J., concurs.