S. Samuel Di Falco, S.
The executor under the will of the decedent instituted a discovery proceeding against the decedent’s husband to compel delivery to the executor of funds withdrawn from the decedent’s bank accounts during her life and held by the respondent. The petitioner alleges that the withdrawals were made on the understanding that the funds were to be used for medical, hospital and nursing expenses, that the respondent would account to his wife for all sums withdrawn and that any balance remaining in his hands should remain the sole property of the decedent.
In the course of the hearing, the court ruled that the respondent, who was called as a witness on his own behalf, was disqualified from testifying to personal transactions with the decedent. (Civ. Prac. Act, § 347.) The respondent called his daughter as a witness. Objection to her testimony was made under section 347 by the petitioner, upon the ground that she was interested in the event because she is a legatee under the will. The court overruled the objection because the wdtness was not being examined in her “ own behalf or interest ”, but rather as a witness for a party whose interests were adverse to hers. After the examination of the witnesses then produced by the respondent, a request was made for an adjournment so that other witnesses could be called. Counsel for both parties requested an oportunity to argue the questions of the ■competency of the respondent and his daughter as witnesses and to obtain a ruling prior to any further hearing.
The parties have apparently abandoned the reargument of the ruling on the competency of the respondent, because in the briefs submitted by counsel neither side refers to that matter.
*417 The petitioner has abandoned his original argument that the ‘ ‘ interest ’ ’ of the daughter as a legatee under the will would disqualify her under section 347. He has now taken the position that although it appeared at first in the course of her testimony that she was testifying against her own interest, certain testimony that was elicited during her examination makes it appear that she was interested in the event for a reason not apparent at the beginning. Her interest is said to arise from the following transactions: The petitioner’s contention is that sums aggregating approximately $24,000 were withdrawn from the decedent’s bank accounts between May 12 and September 5, 1958. The witness was the daughter of the decedent and the respondent. She testified to numerous conversations with her mother wherein her mother stated that she had transferred some of her money to her husband and that she was going to transfer the balance of the money to him. The decedent said that the money was “their money” (referring to her husband and herself) and that she was turning it over to him. The daughter later said that in February or March in the year 1958, the decedent had promised to give her a car as a birthday present, and that she told her daughter to select a car. Her daughter was with her at the time that the decedent signed a withdrawal slip in the sum of $2,500 on the New York Savings Bank. It appears from the evidence produced by the petitioner that the respondent received a check from the savings bank in that amount and that he deposited that sum in his own checking account on the very same day. Several days before the withdrawal of this amount, the respondent had given his daughter his own check in the sum of $300 to apply on the car. On the same day that the decedent signed the withdrawal slip for $2,500, the respondent gave his daughter his cheek in the sum of $2,400 to pay the balance due on the car. The petitioner now argues that the latter testimony of the daughter shows that out of the moneys delivered by the decedent to the respondent, a part of the funds actually represented a gift by the decedent to her daughter. Petitioner argues that the daughter is, therefore, testifying in her own behalf and interest, that she is, therefore, disqualified as a witness under section 347, and that all of her testimony should be stricken from the record.
1 ‘ The true test of the interest of a witness is that he will either gain or lose by the direct legal operation and effect of the judgment, or, that the record will be legal evidence for or against him in some other action. It must be a present, certain and vested interest and not an interest uncertain, remote or contingent.” (Laka v. Krystek, 261 N. Y. 126, 130.) It is *418 not enough to disqualify a witness that he might be interested in the question involved; he must have an interest ‘ ‘ in the event ” and it must be of the character stated above. In a case where promissory notes were made by the defendant through an agent, the agent was held to be a competent witness to prove payment notwithstanding that if he failed to prove payment, he might bear liability to his principal for misappropriation of the funds or for negligence. The court said that even assuming that a possible liability might exist, “ it would find its origin in facts gaining no effect or potency from the event of the action or the judgment for the plaintiffs in which it might terminate. * * * It might prove to be the occasion or cause of a suit against him by his principal, but in defending that suit he would be utterly unaffected by the judgment against his principal and entirely at liberty to show a payment in fact made by him with his principal’s funds and explain the failure to take up the notes and checks. The judgment against his principal would not hamper or affect him in the least.” (Nearpass v. Gilman, 104 N. Y. 506, 509.)
In the pending case, the daughter is not a party to the proceeding. No relief against her is sought by the petitioner. According to the daughter’s testimony, her mother regarded the money as belonging to herself and her husband, and she determined to transfer the funds to him. Her mother promised her an automobile, but her father gave her his checks to make the purchase. Part of the money was given to the daughter before her father received any funds from her mother and the total given to her by her father was in excess of the amount that was then transferred by the decedent to him. Her father joined in the gift and, insofar as this record shows, he would not have any claim against his daughter regardless of the outcome of this litigation. Insofar as he is concerned, his transfer of funds to her appears to have been an absolute gift on his part, and it will not be defeated or impaired even if he were wholly unsuccessful in this proceeding. If a decree were obtained against him and he later sued his daughter to recover such funds, the decree herein would not affect the daughter or conclude her.
The petitioner has not argued any question of possible recourse which he might have against the witness under the doctrine of following constructive trust funds in equity. (See Surrogate’s Ct. Act, § 206; 4 Pomeroy’s Equity Jurisprudence [Symons, 5th ed.], § 1058b et seq.; Restatement, Restitution, § 204.) In his present argument he regards her as a donee, taking from the decedent, and he argues that she must establish *419 her right to these particular funds. He speaks of her as a claimant and as asserting a claim which the court must determine before it can pass upon the respondent’s ownership of the remaining funds. The witness, however, is not a party herein, nor is she a claimant. The petitioner’s own proof indicates that what she received was from her father’s bank accounts and that she had long, ago received and disbursed the $2,700. She asserts no present claim against anyone.
Inasmuch as the petitioner does not now assert any intention of tracing funds to the witness or initiating any proceeding against her, we need not pursue the possibility of her liability if he should determine upon such course of procedure. One does not establish an interest in the event “ by proof that the event may tempt to other litigation ’ ’. (Franklin v. Kidd, 219 N. Y. 409, 412-413.) One does not become interested in the event ‘ ‘ merely because the outcome may save him the trouble of another lawsuit. * * * To make out an interest in the event, the judgment must not merely leave open the possibility of another action. * * * It must be evidence in the other action, and evidence adverse to the witness.”
A decree against the respondent in this proceeding, directing him to pay a specific sum to the petitioning executor, would not be evidence against the witness in a proceeding against her. It would be necessary to trace funds of a constructive trust from one in a fiduciary capacity to a transferee without consideration, but even in such a case other equitable considerations must be taken into account. (Scott on Trusts, 2d ed., vol. 3, § 293 et seq., vol 4, § 510 et seq.; see, also, Podmore v. Seamen’s Bank, 35 Misc. 379; Matter of Herrington, 73 Misc. 182.)
Moreover, the interest of the witness must be “a present, certain and vested interest, and not an interest uncertain, remote, or contingent.” (Hobart v. Hobart, 62 N. Y. 80, 83; Connelly v. O’Connor, 117 N. Y. 91, 93-94.) Any possible interest of the witness at the present time is contingent, remote and purely speculative.
The court, therefore, adheres to its rulings on the objections to the testimony of both witnesses.