OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, affirmed without costs.
Plaintiff, executor of the estate of her father, brought the instant action on behalf of the estate to recover sums allegedly due on two promissory notes executed by defendant in favor of her father, who died on August 14, 2003. Defendant claimed that said sums had been fully paid during the lifetime of the decedent.
At trial, plaintiff introduced two promissory notes. The first note, dated May 15,1997, was in the sum of $10,000. The second note, dated February 15, 1999, was in the sum of $13,000. Plaintiff also introduced her father’s handwritten ledgers of payments for the two notes, which indicated that there was a $639.26 balance due on the first note as of February 13, 2003, and a $12,897.51 balance due on the second note as of March 1, 2003. In support of his defense of payment, defendant testified that in April of 2002 and in the spring of 2003 he had made cash payments to the decedent in the sum of $9,000 to cover *3 both loans, and that he had made repairs to the decedent’s heating system for which labor and parts totaled approximately $1,200. He had no receipts for the cash payments and no documentation regarding the work done on the heating system. After the jury returned a verdict, finding that defendant owed the estate a total of $1,500, plaintiff moved to set aside the verdict, which motion defendant opposed. The trial court granted the motion to set aside the verdict and ordered a new trial, based, inter alia, upon defendant’s violation of the Dead Man’s Statute (CPLR 4519).
Initially, we note that contrary to defendant’s contention, plaintiffs posttrial motion to set aside the verdict was not untimely. Although CPLR 4405 requires such motions to be made within 15 days “after decision, verdict or discharge of the jury,” the time limit is not absolute, and a posttrial motion is not untimely if it is made within an extended time period set by the trial court without objection (see Manning v Brookhaven Mem. Hosp. Med. Ctr., 11 AD3d 518 [2004]). The City Court set forth a motion schedule, and there is nothing in the record to indicate that any objection was made to such schedule. In any event, it does not appear that there was any prejudice suffered as a result of the delay in presenting written arguments to the court (see e.g. Brown v Two Exch. Plaza Partners, 146 AD2d 129 [1989]).
In support of the posttrial motion, plaintiff pointed to numerous instances where defendant’s testimony was in violation of the Dead Man’s Statute (CPLR 4519), which prohibits a party who has an interest in the outcome of the proceeding from testifying about communications or transactions with a decedent. CPLR 4519 (a) provides, in pertinent part, as follows:
“Upon the trial of an action ... a party or a person interested in the event . . . shall not be examined as a witness in his own behalf or interest . . . concerning a personal transaction or communication between the witness and the deceased person . . . except where the executor ... is examined in his own behalf. . . concerning the same transaction or communication.”
In the instant case, the burden of establishing the defense of payment was upon defendant (see Lynch v Lyons, 131 App Div 120 [1909]). The sole evidence offered in support of his defense was his own testimony regarding his payments to the decedent, unsupported by any documentation. This testimony clearly *4 violated CPLR 4519. In an action brought by the representative of a decedent’s estate on a promissory note, the maker is not permitted to testify regarding his or her personal transactions with the deceased payee (Matter of Callister, 153 NY 294 [1897]; Alexander v Dutcher, 70 NY 385 [1877]; Cody v Hadcox, 98 App Div 467 [1904]) unless the representative “is examined in his own behalf. . . concerning the same transaction” (CPLR 4519). Plaintiff herein did not waive the protection of the statute nor, as defendant suggests, was plaintiff using the statute “as a sword rather than a shield” (Matter of Wood, 52 NY2d 139, 145 [1981]). Plaintiff’s prima facie case was established via the documentary evidence submitted on plaintiffs direct case, which evidence did not “open the door” to defendant’s testimony regarding his transactions with the decedent (id.).
In the instant case, the admission of defendant’s testimony was improper as it concerned “a personal transaction or communication between the witness and the deceased person” (CPLR 4519) and was highly prejudicial to plaintiff. Accordingly, the trial court did not err in granting plaintiffs motion to the extent of setting aside the verdict and ordering a new trial.
Rudolph, RJ., Molía and Scheinkman, JJ., concur.