(76 App. Div. 596.)

### JONES v. THOMAS et al.

(Supreme Court, Appellate Division, Fourth Department.   November 18, 1902.)

1. WITNESSES—TRANSACTIONS WITH DECEDENTS—COMPETENCY.

Decedent died possessed of a life interest in certain property, but whether she ever had actual possession of the property was in dispute, and her executors accordingly sued defendants, who were each entitled to separate shares in the property in remainder, to determine the question. *Held*, that under Code Civ. Proc. § 829, each defendant was competent to testify that decedent during her lifetime referred to the property as being in her possession, so long as the testimony was offered solely in behalf of the codefendants, and not in the witness' own behalf.

McLennan, J., dissenting.

Appeal from trial term, Oneida county.

Action by Margaret H. Jones, individually and as executrix, etc., against Elizabeth H. Thomas and others.   Judgment for plaintiff, and defendants appeal.   Reversed.

Argued before McLENNAN, SPRING, WILLIAMS, HIS-COCK, and DAVY, JJ.

Charles G. Irish, George E. Spring, and Richard R. Martin, for appellants.

William E. Seavey, for respondent.

WILLIAMS, J.   The interlocutory judgment should be reversed, and a new trial ordered, with costs to appellants to abide event.   The only question involved on the appeal is the question of admissibility of evidence under section 829 of the Code of Civil Procedure.   The action was brought to determine conflicting claims to a particular fund in the custody of the personal representatives of the estate of Lydia J. Howell, deceased.   Simon John died August 7, 1847, leaving a will, in which he gave and bequeathed all his real and personal property to his wife, Maria John, during her natural life, to be at her disposal after his decease; and after her decease to his daughter Lydia Howell during her natural life; and then to his grandchildren, the sons and daughters of Mary Hughs, deceased, and to the children of his daughter Lydia Howell, if any, to be divided among them; and appointing his wife, Maria John, sole executrix of the will.   The will was, September 6, 1847, admitted to probate, and the executrix qualified, and entered upon the discharge of her duties as such.   January 25, 1848, said executrix filed an inventory showing personal property in her hands amounting to $5,214.10, and May 16, 1849, a decree was entered upon such accounting, which showed that, after payment of debts and expenses of administration, there remained in her hands a balance of $2,982.98 belonging to the estate. Maria John was entitled to the use of this fund during her life, at least, and in the language of the will it was at her disposal after his decease.   She died intestate July 13, 1853, and December 10, 1853, Mr. Hughs, brother-in-law of Mary Hughs, and Mr. Howell, husband of Lydia J. Howell, were appointed administrators of the estate of Maria John, and qualified, and entered upon the discharge of their duties as such.   December 27, 1853, such administrators filed an in-

ventory of the personal property left by Maria John, which showed, among other things, that the fund, $2,982.98, belonging to the estate of Simon John, was in their custody, and, in addition thereto, further personal property amounting to $2,598.66. January 31, 1854, such administrators filed their account with reference to the latter fund, and the net amount thereof, after payment of expenses, was paid over to and receipted for by the descendants of Maria John, Lydia J. Howell one half, and the seven children of Mary Hughs the other half. No accounting seems to have been made as to the fund belonging to the estate of Simon John, $2,982.98. At the time of the trial of this case said administrators were both dead, and Lydia J. Howell had also died March 14, 1899, 45 years after the death of Maria John, leaving no husband or descendants surviving her, but leaving a will, which was admitted to probate April 21, 1899, appointing the plaintiffs executors. They qualified and entered upon the discharge of their duties as such executors. The fund of $2,982.98 was the subject-matter of this action. The descendants of the children of Mary Hughs were entitled to it if it could be found. They claimed the fund was paid over by the administrators of Maria John's estate to Lydia J. Howell; that she had the use of it during her lifetime, as she was entitled to under the will of Simon John; and that the fund was in her hands at the time of her death, and came into the hands of her executors, the plaintiffs, after her death. The plaintiffs received personal property of the estate in an amount greater than the fund, but had no knowledge as to whether this fund was a portion of such personal estate, or whether Lydia J. Howell ever received such fund from the administrators of Maria John's estate. This action was therefore brought to determine the question in controversy, which was, in brief, whether Lydia J. Howell received the fund from the administrators of Maria John's estate. The defendants claimed the fund was in the plaintiffs' hands, and that they were entitled to shares thereof, as follows: Phœbe M. Perkins, Mary H. Bullock, and John B. Bullock, each one-quarter, and Mary H. Nichols and William Nichols each one-eighth.

Upon the trial, Mary H. Bullock, a claimant of one-quarter of the fund, was sworn as a witness, and testified that she called upon Lydia J. Howell about the 5th of February, 1895, and had a conversation with her. She was then asked to state that conversation, the offer being made to show that Lydia J. Howell made statements that certain personal property from her father, Simon John, came into her possession, and the evidence being offered in behalf of the answering defendants other than herself, and not in behalf of the witness. The plaintiffs objected to the evidence on the ground that the witness was a party to the action, and that personal conversations between her and Lydia J. Howell were incompetent under section 829 of the Code of Civil Procedure, and generally as incompetent and immaterial. The objections were sustained, with exception. Later in the trial, Phœbe M. Perkins, another claimant of one-quarter of the fund, was sworn as a witness, and testified that she spent two weeks with Lydia J. Howell at her home in the winter of 1878. She was then asked if Lydia J. Howell, during that visit,

said anything concerning the property of Simon John, and, if so, to state that conversation; the offer being made to show that Lydia J. Howell made statements touching personal property of Simon John in her possession, and the evidence being offered solely as touching the rights of defendants other than the witness, and not in behalf of the witness in any way. This evidence was objected to as incompetent and immaterial, and calling for a conversation with a deceased person, contrary to section 829 of the Code of Civil Procedure. The objections were sustained, with exception. The object of the evidence of these two witnesses was to show that deceased had received this fund during her lifetime, and had it when she died. There was no other evidence on the subject obtainable in the case, and, this being excluded, the referee found the fund remained in the hands of the administrators of Maria John's estate, and never came into the hands of Lydia J. Howell. It is evident, therefore, that, if this evidence was improperly excluded, the judgment must be reversed, and a new trial granted. Section 829 of the Code of Civil Procedure provides, in brief, so far as applicable to this question, that a party to an action, or a person interested in the event thereof, shall not be examined as a witness in his own behalf or interest against the executor of a deceased person, concerning a personal transaction or communication between the witness and such deceased person. It is apparent that the only ground for excluding the evidence in question was that it would be given in the witnesses' own behalf or interest. It could not be excluded because the witnesses were each parties to and interested in the event of the action, or because it was concerning personal transactions and communications between the deceased and the witnesses. Nor could it be excluded because given against the executor, unless it was also in the witnesses' own behalf or interest. It was expressly stated that it was not offered in the witnesses' own behalf or interest, but in the behalf and interest of all the other claimants who were parties to the action. This being so, the evidence, when received, would have been considered only in behalf of the claimants other than the witness giving the evidence. It could not have been received for the benefit of the witness herself. The claims of the several parties to interests in the fund were not joint, but several, and therefore it could not be said that the effect of the evidence must necessarily be to establish the witness' claim as well as those of the other claimants. Each could have brought an action at law against the estate of Lydia J. Howell to recover his or her part of the fund. It was not necessary that all should unite in one action for the entire fund. If separate actions had been so brought, each of these witnesses would have been competent in other actions than her own, and she would not then have been a witness in her own behalf or interest. Hobart v. Hobart, 62 N. Y. 80; Wallace v. Straus, 113 N. Y. 238, 21 N. E. 66; Connelly v. O'Connor, 117 N. Y. 91, 22 N. E. 753; Lyon v. Ricker, 141 N Y. 225, 33 N. E. 189; Smith v. Meaghan, 28 Hun, 423; Baxter v. Baxter, 13 App. Div. 65, 43 N. Y. Supp. 94; Rix v. Hunt, 16 App. Div. 540, 44 N. Y. Supp. 899; Meislahn v. Meislahn, 56 App. Div. 566, 67 N. Y. Supp. 480. This being so, the

plaintiffs, as representatives of the estate of Lydia J. Howell, could not make them incompetent to give the evidence offered by uniting all the claimants in one action. The interests of the claimants in the fund being several, and not joint, the claims of all the others besides the witness testifying could be established upon the witness' evidence, and her claim be defeated (if only her own evidence was given) by reason of an entire failure of all evidence as to her claim. In other words, the judgment could be several as to each claimant, and need not be joint as to all. Effect could, therefore, be given to the evidence of one of them, so far as the claims of others were concerned, without giving effect to it as to the one testifying as a witness. Ely v. Clute, 19 Hun, 35. This was an action brought on a joint and several promissory note against the two makers thereof. The defense was usury. It was held that each defendant was a competent witness for the other to prove the usurious agreement made with the plaintiff's testator, the payee of the note; that separate judgments might be rendered against the two makers, and, as the evidence of each defendant was used solely in behalf of his codefendant, and not in his own behalf or interest, it was competent; that suing the makers together did not affect the right of either to any relief which he would have been entitled to if sued separately. Talcott, J., in his opinion, said:

"In order to be incompetent to testify against the executor, etc., in regard to a personal transaction or communication between the witness and the deceased, he must be called to testify, or this testimony must inure, to the benefit of his own behalf or interest. In the case at bar the testimony of either witness could not inure to his own interest or behalf, as he was expressly offered only in behalf of the other defendant. For example, if Thomas W. Clute had been examined, as offered, and his evidence had established the usury in behalf of Joseph B. Clute, and there had been no competent witness who could prove the facts in behalf and interest of Thomas W. Clute, the plaintiff, notwithstanding the testimony of Thomas W. Clute, would have been entitled to a verdict against him; for his evidence was not offered, nor was it receivable, in his own behalf or interest."

Hardin and Smith, JJ., concurred in this decision. The same law was recognized by the same court in Hill v. Alvord, 19 Hun, 77, the opinion being by Hardin, J., concurred in by Smith and Talcott, JJ.

Upon principle and authority the evidence of the two witnesses in question was improperly excluded, and the interlocutory judgment should therefore be reversed, and a new trial granted, with costs to appellants to abide event. All concur, except McLENNAN, J., who dissents.