HORWITZ, Respondent, v. REISS, Appellant. (Supreme Court, Appellate Division, First Department. January 8, 1904.) Action by Louis Horwitz against Max Reiss. M. D. Steuer, for appellant. A. H. Sarasohn, for respondent. No opinion. Judgment and order affirmed, with costs.

HUDSON RIVER WATER POWER CO. v. GLENS FALLS GAS & ELECTRIC LIGHT CO. et al. (Supreme Court, Appellate Division, Third Department. January 16, 1904.) Action by the Hudson River Water Power Company against the Glens Falls Gas & Electric Light Company and the Glens Falls Portland Cement Company.

PER CURIAM. Motion granted, and the following question certified: Does the counterclaim set forth in the amended answer of the defendant Glens Falls Gas & Electric Light Company state facts sufficient to constitute a cause of action?

In re HUNT. (Supreme Court, Appellate Division, Third Department. January 16, 1904.) In the matter of the judicial settlement of the accounts of Ruth Hunt, as executrix, etc., of Thomas Hunt, deceased. No opinion. Motion to modify order granted. Order to be settled by CHESTER, J.

In re IRVIN'S ESTATE. (Supreme Court, Appellate Division, First Department. December 18, 1903.) In the matter of the estate of Alexander P. Irvin, deceased. No opinion. Motion denied, with $10 costs.

ISAACS et al., Respondents, v. WERNER, Appellant. (Supreme Court, Appellate Division, Second Department. December 30, 1903.) Action by Gabriel Isaacs and others against John F. Werner. No opinion. Judgment of the Municipal Court affirmed, with costs.

JACOBS et al., Respondents, v. METROPOLITAN ST. RY. CO., Appellant, et al. (two cases). (Supreme Court, Appellate Division, Second Department. December 30, 1903.) Action by Morris Jacobs and another against Metropolitan Street Railway Company, impleaded with Francis F. Montenes. No opinion. Judgments and orders unanimously affirmed, with one bill of costs and disbursements in both cases.

JACQUES et al., Appellants, v. JACQUES, Respondent, et al. (Supreme Court, Appellate Division, Fourth Department. January 19, 1904.) Action by Charles A. Jacques and another against Mattie A. Jacques, impleaded, etc.

PER CURIAM. Judgment and order overruling the demurrer to the second defense set forth in the answer reversed, with costs, and judgment ordered sustaining the demurrer, with costs, with leave to the respondent to plead over, upon payment of the costs of the demurrer and of this appeal. Held, that the respondent, not being a judgment creditor of her husband, is not entitled to attack the transfer from him to his two sons of the property sought to be partitioned.

JAMES, Respondent, v. VILLAGE OF DEXTER, Appellant. (Supreme Court, Appellate Division, Fourth Department. December 8, 1903.) Action by Margetta James against the village of Dexter. No opinion. Judgment and order affirmed, with costs.

JAMES v. VILLAGE OF DEXTER. (Supreme Court, Appellate Division, Fourth Department. January 19, 1904.) Action by Margetta James against the village of Dexter. No opinion. Motion for leave to appeal to the Court of Appeals denied, with $10 costs.

JONES, Appellant, v. THOMAS et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. January 12, 1904.) Action by Margaret H. Jones, individually and as executrix, etc., against Elizabeth H. Thomas and others.

PER CURIAM. Judgment affirmed, with costs, upon authority of same case reported 76 App. Div. 596, 79 N. Y. Supp. 111, and upon the opinion of the referee herein.

McLENNAN, P. J., dissents upon the ground that the referee committed error prejudicial to the plaintiff in permitting the defendants Bullock and Perkins to testify to conversations and personal transactions had with Lydia J. Howell, deceased, of whose estate plaintiff is executrix, under section 829 of the Code of Civil Procedure, because each of said witnesses was interested in the event of the action.

STOVER, J., concurs with McLENNAN, P. J., in so far as he holds that the admission of the testimony of the witnesses Bullock and Perkins referred to was error; but, there being ample evidence outside of the testimony of such witnesses to sustain the findings of the referee, this court, on appeal, should, under section 993 of the Code of Civil Procedure, disregard such error and affirm the judgment.

KAISER, Respondent, v. HEWLETT et al., Appellants. (Supreme Court, Appellate Division, Second Department. December 30, 1903.) Action by George Kaiser against Ella F. Hewlett and Permelia Fitchett. No opinion. Judgment affirmed, with costs.

KEELER, Respondent, v. ROME, W. & O. R. CO. et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. January 12, 1904.) Action by Addison A. Keeler against the Rome, Watertown & Ogdensburg Railroad Company and another. No opinion. Judgment affirmed, with costs.

KELLEY, Respondent, v. TOWN OF VERONA, Appellant. (Supreme Court, Appellate Division, Fourth Department. January 5, 1904.) Action by Catharine T. Kelley against the town of Verona. No opinion. Judgment and order affirmed, with costs.