### HUNGERFORD et al. v. SNOW et al.

(Supreme Court, Appellate Division, Fourth Department. January 6, 1909.)

1. WITNESSES (§ 139*)—COMPETENCY—PARTIES.

Under chapter 416, p. 458, Laws 1877, amending Code Civ. Proc. § 829, which re-enacted section 399 of the old Code of Procedure, which disqualified a party "to" or person interested in the event of an action from testifying to a transaction with a deceased person, by striking out the word "to" and limiting the disqualification of the party or person to his being examined as a witness in his own behalf or interest, or in the behalf of the party succeeding to his title or interest, a person, although a party to an action, who was not interested in the event of the action, was not disqualified from testifying in behalf of others concerning a personal transaction or communication with a deceased person.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 586; Dec. Dig. § 139.*]

2. WITNESSES (§ 140*)—COMPETENCY—HUSBAND AND WIFE.

Though a husband may eventually have a life estate in his wife's property as a tenant by the curtesy, if he survives her and she does not dispose of the same, this does not give him such present or fixed interest in the premises as to disqualify him as a witness for his wife concerning a transaction with a deceased person under Code Civ. Proc. § 829, disqualifying parties or persons interested from testifying as to transactions with decedents.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 599, 602; Dec. Dig. § 140.*]

3. EVIDENCE (§ 445*)—PAROL EVIDENCE—VARYING WRITTEN AGREEMENT.

Evidence of a parol agreement is inadmissible to vary the terms of a written agreement, unless the oral agreement was supplemental to, or a subsequent modification of, the writing.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2052; Dec. Dig. § 445.*]

4. MORTGAGES (§ 463*)—SUBSEQUENT AGREEMENT—EVIDENCE.

In an action to foreclose a mortgage, evidence as to a parol agreement subsequent to the mortgage *held* insufficient to establish such agreement by the satisfactory and convincing evidence required in establishing such agreements.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1361; Dec. Dig. § 463.*]

Appeal from Special Term, Jefferson County.

Action by Amasa Hungerford and another against Clara L. Snow and another to foreclose a mortgage. From a judgment dismissing the complaint, plaintiffs appeal. Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Adelbert W. Boynton, for appellants.
Arthur L. Chapman, for respondents.

KRUSE, J. The action is for the foreclosure of a mortgage, made by the defendant, Clara L. Snow, to William P. Davis, the plaintiffs'

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

testator, dated July 9, 1902, which, by the express terms thereof, she agreed to pay at the expiration of three years from the date thereof, with interest annually, and with the privilege to her of paying any part of the principal upon any day when the interest became due, in sums not less than $100. Davis, the mortgagee, died on June 14, 1906. The interest was paid on the mortgage up to July 9, 1905. The defendant mortgagor offered to pay the interest from that date to June 14, 1906, the date of the death of Davis, but refused to pay the principal. She contends, and the trial court found, that there was a collateral oral agreement, made between her and the deceased, to the effect that, if she would pay the legal interest annually, and furnish the deceased with board at the rate of $3 a week, and treat him well, she would never be called upon to pay the principal, and that at his death the mortgage would be hers, or satisfied. Judgment was directed, declaring the mortgage paid and satisfied, directing the same to be discharged of record, and dismissing the plaintiffs' complaint, with costs.

Goodwin M. Snow is the husband of the mortgagor, the defendant Clara L. Snow. He lived with his wife upon the premises in question at the time of the commencement of the action, and was made a party defendant; but no personal claim was made against him, and he did not appear in the action. The alleged oral agreement is founded upon conversations between the deceased mortgagee and the husband. Evidently it was thought that difficulty would be encountered in making the husband a competent witness to show what had occurred between him and the deceased, without eliminating him as a party to the action. So an application was made on behalf of the wife, the contesting defendant, at Special Term, upon notice, for an order discontinuing the action as against the husband. That application was based upon a general release, executed by the husband to the plaintiffs of all claims, including, as is therein stated, all defenses to the mortgage in question, and affidavits of the attorney of the wife that the husband had no title to or interest in the premises, that she had carried on the hotel upon the premises since May 1, 1907, and had had the sole and exclusive possession of the premises since that date. The application was granted. The plaintiffs opposed the application, and appeal from the order as well as the judgment.

While we think the order was improper, we are also of the opinion that, under the facts as claimed by the defendant, the husband was not disqualified, under section 829 of the Code of Civil Procedure, to be examined as a witness on behalf of his wife concerning a personal transaction between himself and the deceased. The mere fact that he was made a party defendant did not make him incompetent. That might have been so under the former rule contained in section 399 of the old Code of Procedure, and as originally re-enacted in section 829 of the present Code, passed in 1876. But that section was amended in 1877 (chapter 416, p. 458, of the Laws of 1877). As the section stood before the amendment, it included a party "to" or person interested in the event of the action; but the word "to" was stricken out by the amendment of 1877, and the disqualification of the party or person so limited as to preclude him being examined as a witness "in his own behalf or interest, or in behalf of the party succeeding to his title or interest." So

that, as the section now stands, a person, although a party to the action, is not disqualified from being examined as a witness in behalf of others concerning a personal transaction or communication with a deceased person or lunatic. Jones v. Thomas, 76 App. Div. 596, 79 N. Y. Supp. 111; Bouton v. Welch, 170 N. Y. 554, 63 N. E. 539; Albany Co. Savings Bank v. McCarty, 149 N. Y. 71, 84, 85, 43 N. E. 427.

It is true that the husband may eventually have a life estate in the premises as a tenant by the curtesy, if he survives his wife and she does not dispose of the same; but that does not give him such present or fixed interest in the premises as to disqualify him, under the provisions of section 829 of the Code of Civil Procedure. Bouton v. Welch, supra; Albany Co. Savings Bank v. McCarty, supra.

It is, however, further contended on behalf of the plaintiffs that the evidence relied upon to establish the oral agreement is incompetent for the additional reason that it is at variance with the terms of the written instrument, that the mortgage itself is absolute and specific as regards the terms of payment, and that the terms of the alleged oral agreement are inconsistent with those contained in the mortgage. That would seem to be true, unless the oral agreement was supplemental to, or a subsequent modification of, the writing. While the learned trial justice found that the agreement was made in or about the year 1895, which was before the execution and delivery of the mortgage, he also seems to have found that the oral agreement was renewed at a subsequent time. It is not quite clear that it was subsequent to the making of the mortgage, but perhaps the finding is susceptible to that interpretation. We may assume that the evidence was competent; but, even in that view, we have reached the conclusion that the defendant has failed to establish the oral agreement by such satisfactory and convincing evidence as the law requires in cases like this.

It appears that Davis, the deceased, was a widower. He had an office in the little hamlet where he lived, and his sleeping room was over the office. Davis occasionally took his meals at the defendant's house, which was across the road from his office, and in 1895 he had a talk with the husband about his becoming a permanent boarder with the defendant. Something was said by the husband that they did not have the money to fix up a place. The husband had run a saloon for a Mr. Phelps, and the wife had become the owner of the place; but there was a mortgage on it, and she and her husband seem to have been short of funds. Davis agreed to advance the money and pay $3 a week for his board, with the understanding, so the husband testified, that interest should be paid on the money, but that he would give it to the wife when he died, and that the wife assented thereto. The place was fixed up, Davis advancing the money. He became a permanent boarder, and remained there until he died, in 1906, paying at the rate of $3 a week for his board, except about a year, in 1899, when the hotel was run by some one else. On December 30, 1905, a mortgage was executed by the wife to Davis for $350, and later a mortgage of $700, which had been given by the wife on September 20, 1894, was assigned by the mortgagee to Davis. The assignment is dated May 9, 1898. Money seems to have been advanced from time to time, and on January 22, 1896, another mortgage was given by the wife to Davis

for $100. These three mortgages were discharged of record on July 29, 1902, and on July 9, 1902, the mortgage in suit was given, for $2,500.

The defendant seeks to corroborate the testimony of her husband by various witnesses, who testify to statements made by Davis during his lifetime, in substance, to the effect that when he died the defendant would not have to pay the mortgage, that she would own the hotel free, that he was paying much less than his board was worth, and that the property would belong to the defendant upon his death. The learned trial justice, after finding in his decision that Davis repeatedly said to many persons, in substance, that the mortgage claim would be satisfied at his death, and that the claim or property would then be the defendant's, states that the reason why he so often reiterated his intentions as to his property was probably that the contract made with reference to it was oral, and he wanted it generally known. In view, however, of the fact that Davis was a close business man, that the mortgage was prepared by careful and reputable attorneys, that the defendant and her husband, as well as Gray, were present when that was done, and that no such agreement is included in the writing, and that the relations between them were quite intimate and friendly, the statements which he made are entirely consistent with the theory that he intended to provide in his will for the defendant as a gratuity, and not because of any legal obligation.

It might have been very proper for him to make such provision for the defendant by will or otherwise, in view of the care and attention he received, the amount he paid for board, and his friendly relations to her and her family; but he did not, and we cannot permit it to be done indirectly under the guise of a legal obligation, when we are convinced that the evidence fails to establish such legal obligation. It is unnecessary to state here the evidence in detail, or further discuss the facts. We need only add that in our opinion the defendant has failed to establish the oral agreement by such clear and convincing evidence as is required under the rule applicable to cases of this kind, which has been reiterated many times, and has recently been applied, in this court and in the Court of Appeals, in cases where the evidence was quite as strong and convincing to establish claims as here, and the claims rejected as insufficiently proven. White v. Devendorf, 127 App. Div. 791, 111 N. Y. Supp. 815; Holt v. Tuite, 188 N. Y. 17, 80 N. E. 364.

The judgment, as well as the order of discontinuance, should be reversed upon the law and the facts, and a new trial ordered, with costs to the appellant to abide the event. All concur.