JENNIE M. TRACY and Others, Respondents, v. SADIE M. DANZINGER, as Executrix, etc., of SARAH E. ACKLEY, Deceased, Appellant

Third Department, March 9, 1938.

*Charles J. Fuess* [*Edwin C. Morsch* and *Edwin B. Goddin* of counsel], for the appellant.

*Frank W. Barnes*, for the respondents.

CRAPSER, J. This is an action to impose a trust upon certain assets of the estate of Sarah E. Ackley. The trial court decided in favor of the plaintiffs-respondents and imposed a trust upon the assets, and this appeal presents the question whether that determination was correct.

Willard D. Ackley and Sarah E. Ackley were husband and wife. Willard D. Ackley died on December 24, 1933, leaving him surviving his widow, Sarah D. Ackley, and a sister, Louise Melvin, his only heirs at law and next of kin. He left a last will and testament, which has been duly probated, by which he devised and bequeathed to his widow, Sarah E. Ackley, and to her heirs and assigns forever, all the property, both real and personal, of which he died seized. She was also named as executrix.

Sarah E. Ackley died on February 2, 1935. Her husband's estate was still in the course of administration, and thereafter the defendant herein was appointed administratrix with the will annexed.

Louise Melvin waived the service of a citation in the probate of Willard D. Ackley's will, and she then died, leaving her surviving these plaintiffs, who are her children and only heirs at law and next of kin.

The defendant presented her account as administratrix with the will annexed, and all of the plaintiffs were made parties and waived service of a citation therein and a decree was made by the surrogate of Oneida county judicially settling the estate of Willard D. Ackley and ordered the remaining assets of Willard D. Ackley to be turned

over to the petitioner as executrix of the will of Sarah E. Ackley, which will and codicils had been duly admitted to probate.

The will of Sarah E. Ackley set up a trust for the benefit of her sister of one-half of the estate and the balance of the half remaining at the death of the sister was to be paid to the sister's heirs. From the other half she gave to Leslie Ackley, Sr., $300; Hattie Treen, $300; Jennie Tracy, $200; James Melvin, $200; and Harold Melvin, $200. These are the plaintiffs herein. The balance of the other half she gave to the defendant herein.

The plaintiffs in their complaint allege that Sarah E. Ackley and Willard D. Ackley, in their lifetime, entered into an agreement and contract to make mutual wills whereby each of the said persons willed to the other all of his property; that pursuant to said agreement the party who received the property under said will had the right to use said property or any part thereof for the comfort, maintenance and support of that party, and that the balance of the property remaining upon the death of that party should go to the heirs at law and next of kin and distributees of the party under whose will the property was received.

While said agreement was in full force and effect Willard D. Ackley died and Sarah E. Ackley took the property under his will in trust with the right to use as much of it as necessary for her comfort, support and maintenance, and whatever was left was to go to the heirs at law and next of kin of said Willard D. Ackley. Sarah E. Ackley took the property and held certain certain stocks standing in the name of Willard D. Ackley, which were so held at the time of her death, and which securities had never been transferred by her as executrix to herself.

Sarah E. Ackley expended some of the property which she received from her husband for her benefit during her lifetime. It is suggested that the amount so expended was represented by the bequests to the plaintiffs herein under her will.

The plaintiffs' bill of particulars, furnished upon demand, showed that the agreement alleged as herein set forth was not in writing; that such agreement was made on the date of the will of Willard D. Ackley.

The direct evidence upon which the plaintiffs-respondents rely to establish the agreement is the evidence of Clarence Treen, husband of one of the plaintiffs, received under objection, to the effect that in the early part of January, 1933, while visiting Mr. and Mrs. Ackley, with his wife and Mrs. Melvin, Mr. Ackley said that they had been discussing their wills; that he was to make his will entirely to Mrs. Ackley and Mrs. Ackley was to make her will entirely to him, and that either one could use what they could or

would of the estate received under the will, and that at the time of their deaths their respective heirs were to inherit what was left of their portion. Mrs. Ackley said that " it is our wishes that we have our heirs and they should receive our amount that is left. I don't want my heirs to receive Mr. Ackley's nor Mr. Ackley don't want his heirs to receive mine."

This witness relates another conversation on the day of Mr. Ackley's death, in which Mr. Ackley said he had told Mrs. Ackley to leave his stock in his name and not to bother to transfer it except the dividend, and that at the time of her death it would go to his heirs. Mrs. Ackley did not reply to this statement.

Anna M. Cox, a practical nurse engaged by the Ackleys, testified that about a week after Mr. Ackley's death Mrs. Ackley found a letter in a chiffonier drawer, sealed and addressed to her, which was in Mr. Ackley's handwriting, and that Mrs. Ackley read the letter and began to cry, that a few days afterwards Mrs. Ackley said that she must get Mr. Ackley's clothes and have them pressed before she left for the south. At that time she told her the contents of the letter; " she said, ' well, Mr. Ackley made several requests.' She said, ' he wants me to divide his clothes between his two nephews, * * * he mentioned he wanted me to sell the big car.' " There were several other requests, but the main one concerned his sister; she was to provide for his sister, and whatever was left in his name must go to his sister whenever Mrs. Ackley was through with it. The witness never saw the letter, and the only thing that she knew about it was what Mrs. Ackley told her.

It may be possible that this evidence is competent as an admission against interest, but, even if it is, it affords very little, if any, proof of the making of any contract such as is sought to be established in this action. This letter would look as though no contract had been made.

Mrs. Ackley later went south, and, while in the south, Mrs. Melvin, Mr. Ackley's sister, passed away, and when Mrs. Ackley returned she told the witness Cox that she would have to make a new will because Mr. Ackley's sister had passed away. She went down street, and when she returned she said to the witness Cox " there were some strings tied to Mr. Ackley's will and I have been down and cut them."

The evidence shows that Willard D. Ackley and Sarah E. Ackley executed wills upon the same day and that no one was present except the witnesses when they were witnessed. The will executed by Sarah E. Ackley at the time that the husband executed his will is not in the record, and we do not know what it contained. We have in the record only the will that Mrs. Ackley made after returning from the south.

As corroboration of the testimony given the plaintiffs rely upon the fact that at the time of Mrs. Ackley's death certain securities of Mr. Ackley's had not been transferred from his name and that Mrs. Ackley gave away his clothes after his death to his nephews.

From a careful reading of the record it might be inferred that the stocks were left in Mr. Ackley's name because Mrs. Ackley did not want to pay out the money necessary to transfer them to her name.

The case has been before this court before on an appeal from an order and judgment dismissing the complaint (249 App. Div. 47). Judge HEFFERNAN, in an opinion written at that time, pointed out that the settlement in the Willard D. Ackley estate, in which the parties were cited, was not *res adjudicata* of the question raised here. (*Matter of Lyon*, 266 N. Y. 219.)

Mr. Ackley was a business man and could very easily have drawn a will leaving his wife the use of his property with the right to her to use as much of the principal as she thought necessary for her proper maintenance and support, with any balance remaining at her death to be the property of his heirs at law and next of kin. This he did not do.

The evidence in support of the agreement given by Clarence Treen, the husband of one of the plaintiffs, a niece of Willard D. Ackley, did not render him incompetent as a witness on the theory that he was legally interested in the event, but he was an interested witness and as such his testimony cannot be regarded as of a quality sufficient to support the judgment herein. (*Matter of McMillan*, 167 App. Div. 817; affd., 218 N. Y. 64; *Hamlin* v. *Stevens*, 177 id. 39; *Holt* v. *Tuite*, 188 id. 17; *Hungerford* v. *Snow*, 129 App. Div. 816; *Scheu* v. *Blum*, 119 id. 825; *Dueser* v. *Meyer*, 129 id. 598.)

Contracts of the sort herein involved must be scrutinized, and a high order of proof is required to sustain them because of the dangerous opportunities afforded through them of fraudulently defeating the express wishes of a dead person.

The plaintiffs in this case failed to establish their complaint by the kind of evidence which the law requires. (*Ide* v. *Brown*, 178 N. Y. 34; *Hamlin* v. *Stevens*, 177 id. 39; *Mahaney* v. *Carr*, 175 id. 454; *Brantingham* v. *Huff*, 174 id. 53; *Holt* v. *Tuite*, 188 id. 17; *Ennis* v. *Chichester*, 187 App. Div. 53.)

The judgment should be reversed and the complaint dismissed, with costs.

McNAMEE and BLISS, JJ., concur; HILL, P. J., dissents, with a memorandum, in which HEFFERNAN, J., concurs.

HILL, P. J. (dissenting). There was competent proof of an agreement between Willard D. Ackley and Sarah E. Ackley, his wife, to make mutual wills whereby the survivor was to receive the property of the one first dying, and, after using the income and so much of the principal as was necessary or desired by the survivor for care and maintenance, the remainder, if any, was to be distributed by the will of the survivor to the heirs and next of kin of the one first dying. One of the witnesses was disinterested and the other the husband of one of the plaintiffs. The latter related a conversation between Mr. and Mrs. Ackley wherein it was suggested by him, and agreed to by her, that if he should die first she was " to leave his stock in his name and not to bother to transfer it except the dividend, and that at the time of her death it would go to his heirs." She did not transfer the stocks and told her nurse that she did not intend to do so. This may be considered as a partial compliance with the oral agreement and to corroborate the making thereof. The agreement between Mr. and Mrs. Ackley is consonant with human emotions. The elderly couple had no descendants. Each had a sister surviving. The thought of each would naturally be directed first toward the comfort of the survivor. That accomplished, the remainder, if any, should in all fairness go to the flesh and blood of the original owner.

The trial court saw the witnesses and received a truer picture as to the claimed making of this oral agreement than can be gained from a reading of the printed page of the record. We are to decide a question of fact. I believe the decision of the trial court should be sustained.

HEFFERNAN, J., concurs.

Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs.

The court reverses findings of fact numbered 4, 5 and 6, and disapproves all conclusions of law; and makes a new finding of fact that no agreement to make mutual wills, as claimed, was made, and no such mutual wills were made.