In the Matter of the Construction of the Will of ANDREW GAHAN, Deceased.

Surrogate's Court, Chenango County, March 8, 1949.

*O'Connor and O'Connor* for Helen G. Williams, as executrix of Andrew Gahan, deceased.

*M. Francis Malone* for Anna Gahan.

*James W. Coleman,* special guardian for Lawrence Williams and others, infants.

BARNES, S. This proceeding is brought for the construction of the will of the decedent. The decedent was married but had been

separated from his wife for a period of about twenty years. He was the father of two children, one of whom resided with him and the other resided with decedent's wife. At the time of their separation, or shortly thereafter, decedent's wife had brought an action against the decedent for a separation with alimony on account of the alleged cruel and inhuman treatment of the wife by the decedent. The decedent counterclaimed for a divorce upon the grounds, among other things, of abandonment. The trial court awarded judgment in favor of the wife and against the decedent and made directions for payments to the wife for herself and children. On appeal to the Appellate Division (218 App. Div. 797), the Appellate Division reversed the judgment of the lower court and gave no affirmative relief to either party. Since that time the decedent and his wife had lived separately.

The decedent in his will made the following provisions: '' I give, devise and bequeath to my wife, Anna Gahan, should she survive me, that portion of my estate to which she is entitled under the laws of the State of New York.''

The decedent was survived by his wife and two children and by certain grandchildren. The will provides specific legacies to the son and to the daughter and leaves the residuary legacies to the grandchildren who are infants and represented by the special guardian. It is the contention of the executrix that this provision for the wife contained no dispositive provision for the reason that she had abandoned the decedent and was therefore not entitled to any part of the estate under the laws of the State of New York. If she had abandoned him, she would not have been entitled to elect against the will.

Upon the hearing proof was taken upon the question of abandonment. This consisted briefly of the record of the judgment and pleadings in the separation action; the testimony of the daughter, with whom decedent resided and testimony regarding negotiations between the executrix and the wife before the will was probated. These negotiations were not binding upon the infants, who are the interested parties in this case and further discussion is therefore omitted.

While the daughter was a competent witness to testify, her evidence without corroboration was insufficient to establish abandonment whereby the interests of her children were promoted. (*Tracy* v. *Danzinger*, 253 App. Div. 418, 422, affd. 279 N. Y. 679.)

The remaining question is whether or not the record of the separation action is sufficient corroborative evidence to estab-

lish abandonment. The courts have said that the abandonment must be justified and without the consent of the other spouse (*Matter of Maiden,* 284 N. Y. 429). This case was decided by a divided court, the majority holding (p. 432) " To constitute abandonment under this statute something more is necessary than a departure from the marital abode or a living apart." There are some cases from which it would appear that mere living apart establishes a prima facie case to be rebutted by the spouse and that is the substance of the minority opinion in the *Maiden* case (*supra*), and is therefore discredited.

The separation action is negative proof at the most. The decedent demanded a separation from his wife on the grounds of abandonment and that was not granted; on the other hand, the widow asked for the separation, which would have justified her living separately and that was not granted. Therefore, the proof outside of the testimony of the interested daughter, is that they lived separately for twenty years and under the *Maiden* case (*supra*), cited above, that is insufficient to establish an abandonment.

Counsel has urged that the remedy of the widow, if any, is an election against the will. I cannot agree with this; the terms of the will provided for the disposition of the property to the wife. The decedent meant something by using this paragraph in his will at all, and it must be that he desired to make it unnecessary for his wife to elect against the will.

It follows that the construction placed upon this will is that the widow takes a one-third interest in the estate.

The agreement to increase the specific legacy of some legatees made before the will was probated is not binding on the infants and should be disregarded.

Submit decree accordingly.