In the Matter of the Estate of ELIZABETH K. BAKER, Deceased.

Surrogate's Court, Chenango County, July 20, 1949.

*Minnie L. Seeley*, in person, and *David F. Lee* for Minnie L. Seeley, as executrix of Elizabeth K. Baker, deceased.

*Lynn N. Peterson* for Henry Breed, respondent.

BARNES, S. The decedent was ill and a patient of the Chenango Memorial Hospital for several months before her death. During that time Mr. and Mrs. Henry Breed called upon her frequently and offered their condolence. At that time the dece-

dent had provided for Sarah Breed, wife of Henry Breed, by will, to the extent of $1,000. Shortly before death, the decedent executed a codicil to her will, by which she also bequeathed $500 to respondent Henry Breed, "in appreciation of the many acts of kindness he has performed for me since the death of my late husband."

At the time of decedent's death the respondent Henry Breed had in his possession two metal boxes which contained certificates of stock, mortgages and other papers of a nonnegotiable nature and whose market value is conceded to be about nine or ten thousand dollars.

In this discovery proceeding the respondent has filed an answer asserting that he holds the property by reason of a gift. He has produced the two boxes containing the securities. These are all in the name of the decedent and do not bear any indorsement. The respondent's wife testified that on February 3, 1949, in the presence of herself and her husband, the decedent said, "Henry, there are two boxes at the house, and I want you to take them and take care of them; and if I never come out, they are yours to keep." At another place she repeats the conversation in slightly different language, but substantially the same.

It will be noted that this is not an absolute gift but is effective "if I never come out." In any event, her testimony must be corroborated and under such circumstances the testimony of the living witnesses should be scrutinized with great care. (*Rosseau* v. *Rouss,* 180 N. Y. 116; *Tracy* v. *Danzinger,* 253 App. Div. 418, affd. 279 N. Y. 679.) As corroborative evidence the respondent swore the nurse who cared for the decedent during a portion of her last illness and she testified that at some time her casual conversation with the decedent touched upon stock of the Victory Chain, Inc., and came about from the fact that the decedent knew the nurse's husband worked for the Victory Chain; and the decedent stated that she had some of the securities and in reply to the nurse's question as to where she kept them, the decedent said "over to Henry's. He is keeping them." At a later date there was reference to stock of the Norwich Pharmacal Company and the nurse asked the decedent where these things were and she said "Henry is taking care of them". In explanation she later testified that she asked the decedent if she wasn't fearful of having them (these securities) at her house and she said Henry Breed was taking care of them.

The requisites of a valid gift have been definitely defined by the courts, and have not been met (*Matter of Van Alstyne,* 207

N. Y. 298; *Vincent* v. *Rix*, 248 N. Y. 76; *Young* v. *Young*, 80 N. Y. 422).

Mrs. Baker did not put these papers out of her possession and surrender domination over them. The most that could be said is that the evidence showed that the respondent was protecting them for the decedent and that she clearly indicated that she intended to have them back when she recovered. Nor does the evidence meet the requirements of a testamentary disposition.

There were no serious acts or words to transfer nine or ten thousand dollars gratuitously in this case. A person confined to her bed with a serious illness has the right to carry on casual conversations with her nurse and visitors without being bound by such conversations. But the evidence of the nurse in this case shows that the decedent believed the securities were being kept for her by the respondent as a matter of kindness. The testimony shows that she was of sound mind and that she later consulted with a lawyer and had a codicil drawn to her will; she was in a position to have completed this gift if she had so intended and to have made a testamentary disposition if she had so desired. The codicil which she did make contradicts entirely any other gift to the respondent.

The securities are a part of the decedent's estate and should be turned over to the executrix.

Submit order accordingly.